CONTESTI v ATTORNEY GENERAL

Docket No. 95783. Submitted August 4, 1987, at Detroit. Decided November 2, 1987.

Raymond M. Contesti, who simultaneously held the offices of Clinton Township trustee and Clintondale Community Schools superintendent from November, 1983, through November, 1984, brought an action in Macomb Circuit Court against Clinton Township and Clintondale Community Schools seeking a declaration that his two public offices were not incompatible and an injunction restraining anyone from interfering with his holding of the positions. Plaintiff filed an amended complaint to add the Attorney General as a defendant following the issuance of an opinion by the Attorney General that the positions were incompatible and could not simultaneously be held by the same person. The trial court, Kenneth N. Sanborn, J., denied a motion for summary disposition filed in June, 1985, by the Attorney General, who had contended that the issue of incompatibility of positions had become moot when plaintiff completed his term of office as township trustee in November, 1984. The trial court subsequently entered an order of declaratory judgment holding that the positions were not incompatible. The Attorney General appealed.

The Court of Appeals *held*:

1. The issue of incompatible public offices is technically moot in this case. However, since the issue is of significant public

REFERENCES

Am Jur 2d, Appeal and Error §§ 761 *et seq.*; 820 *et seq.*; 853.

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 294 *et seq.*

Am Jur 2d, Public Officers and Employees §§ 78 *et seq.* ; 321.

Am Jur 2d, Schools § 40.

Comment Note.—When criminal case becomes moot so as to preclude review of or attack on conviction or sentence. 9 ALR3d 462.

Incompatibility, under common-law doctrine, of office of state legislator and position or post in local political subdivision. 89 ALR2d 632.

Construction and effect of constitutional or statutory provisions disqualifying one for public office because of previous tenure of office. 59 ALR2d 716.

interest and is likely to recur in the future and yet evade judicial review, the Court of Appeals chose to review the issue as presented in this case.

2. Plaintiff's duties as township trustee and school district superintendent were divergent with regard to a 1984 contract between the township and the school district involving the collection of school taxes by the township on behalf of the school district. The fee to be paid by the school district to the township for tax-collection services was negotiated by the parties. In his capacity as school district superintendent, plaintiff was charged with the duty to supervise the person who negotiated the contract for the school district and, in his capacity as township trustee, he had the power to vote to approve or not approve the contract, although he had abstained from voting.

3. Plaintiff's offices were also incompatible with regard to competing proposals for property tax millage allocation submitted by the township and the school district to the county tax allocation board. As township trustee, plaintiff voted to approve the township's budget which was submitted to the county tax allocation board in support of the township's millage request and, as school district superintendent, plaintiff was involved in the preparation of the school district's budget which was also submitted to the county tax allocation board in support of the school district's requested millage rate.

Reversed.

1. APPEAL — MOOTNESS.

   Courts generally will not entertain moot issues or decide moot cases; an issue is moot when circumstances render it impossible for the reviewing court to grant any relief; the Court of Appeals will entertain cases that are technically moot if the issues involved are of public significance and are likely to recur in the future and yet evade judicial review.

2. APPEAL — DECLARATORY JUDGMENTS — DE NOVO REVIEW.

   Review of declaratory judgments is conducted de novo; however, the Court of Appeals will not reverse a trial court's factual findings unless they are clearly erroneous.

3. PUBLIC OFFICERS — INCOMPATIBILITY OF OFFICES — CONFLICT OF INTEREST — CONFLICT OF DUTIES.

   Incompatibility of office or position involves a conflict of duties between two offices or positions; while this conflict of duties is also a conflict of interest, a conflict of interest can exist when only one office or position is involved, the conflict being between that office or position and a nongovernmental interest;

incompatibility of office or position requires the involvement of two governmental offices or positions; incompatibility of office or positions may be sufficient for a vacation of an office when conflict of interest is not.

4. PUBLIC OFFICERS — INCOMPATIBILITY OF OFFICES — TOWNSHIP TRUSTEE — SCHOOL DISTRICT SUPERINTENDENT.

The positions of township trustee and school district superintendent are incompatible where the township board of trustees and the school district are parties to a contract for the collection by the township of property taxes on behalf of the school district and where the township and the school district present to the county tax allocation board competing requests for allocation of property tax millage (MCL 15.181[b][iii]; MSA 15.1120[121][b][iii]).

*Emil E. Cardamone,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Gerald F. Young* and *Paul J. Zimmer,* Assistant Attorneys General, for the Attorney General.

*Glime, Daoust, Wilds, Rusing & LeDuc* (by *Raymond G. Glime* and *Kurt E. Riedel*), for Clintondale Community Schools.

. Before: SHEPHERD, P.J., and HOOD and T. M. BURNS,* JJ.

SHEPHERD, P.J. Defendant Attorney General appeals a declaratory judgment in favor of plaintiff which ruled that the two public offices held by plaintiff were not incompatible. We reverse.

The facts are not in dispute. Plaintiff, Raymond Contesti, was appointed to the office of Clinton Township Trustee in 1965 and served continuously in that office through subsequent elections until his last term expired on November 20, 1984. In

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

November, 1983, plaintiff was appointed as superintendent of the Clintondale Community Schools (school district), which is located entirely in Clinton Township, Macomb County. The approximately one-year period from November 1983 to November 1984, in which plaintiff held dual public offices, is the focal point of this case.

The case arose after a realtor in the community raised a question as to whether or not plaintiff could hold the two public offices simultaneously. The Clinton Township Board of Trustees asked State Senator Gilbert DiNello to present the question to the Attorney General. In response, the Attorney General issued an opinion concluding that the two public offices were incompatible and could not properly be held simultaneously. See OAG, 1983-1984, No 6214, p 274 (April 3, 1984). The opinion, however, did not disclose the identity of the particular public office underlying the opinion. On May 1, 1984, plaintiff filed a complaint in Macomb Circuit Court, seeking a declaration that his two public offices were not incompatible and an injunction restraining anyone from interfering with his holding the two offices. The school district and Clinton Township were named as respondents in the complaint.

On May 24, 1984, plaintiff filed a motion for summary judgment under GCR 1963, 117.2(3), now MCR 2.116(C)(10), contending that there was no genuine issue of material fact and that he was entitled to judgment as a matter of law. Plaintiff's motion was denied because the circuit court was not convinced that there was an actual controversy between plaintiff and the two "respondents." Plaintiff was permitted to file an amended complaint. On July 17, 1984, plaintiff filed the amended complaint, naming the Attorney General,

Clinton Township and the school district as defendants.

On June 12, 1985, the Attorney General filed a motion for summary disposition under MCR 2.116(C)(4) and (10), contending that a declaratory judgment was not available to plaintiff because plaintiff was no longer holding dual public offices and, thus, there was no "actual controversy." That motion was denied.

Following a hearing the circuit court ruled that an actual controversy existed and that the two public offices were not incompatible. Factually, the decision was premised on whether plaintiff's two offices were incompatible because (1) the township and school district entered into an agreement for the township to collect summer property taxes on behalf of the school district in exchange for a fee and (2) the township and school district annually competed for a millage allocation from the county tax allocation board. With respect to the tax allocation matter the circuit court found that plaintiff's role in the school district process was not significant and that no actual competition for tax monies existed between the township and school district. With respect to the contract matter the circuit court found that plaintiff avoided a conflict of interest by abstaining from voting on the contract. The court again rejected the Attorney General's mootness argument. We now turn to the facts in these two matters upon which the Attorney General based his opinion of incompatibility.

### THE TAX COLLECTION CONTRACT

Plaintiff held the dual offices of township trustee and superintendent of the school district from November, 1983, to November 20, 1984. During that time, at a township board meeting held on

December 19, 1983, the township board voted 5-0, with two board members (including plaintiff) abstaining, to give preliminary approval to a request by the subject school district and three other school districts to collect summer property taxes on their behalf.

In 1984 the township and the school district entered into a contract for the summer collection of one-half of the school district taxes by the township at a fee of $2.85 per parcel to be paid by the school district on or before March 15, 1985, pursuant to statute. MCL 380.1612, 380.1613; MSA 15.41612; 15.41613.

The terms of such tax collection contracts are arrived at through negotiation between township and school district officials. The township board approves the contracts. The school district's superintendent is charged with the duty of supervising the person negotiating the contract for the school district and making recommendations concerning the proposed contract to the board of education. The school board has the ultimate power of approval or disapproval.

On two occasions the township board voted on matters pertaining to the contract in question. On both those occasions plaintiff abstained from voting because he perceived a conflict between his two public positions.

MILLAGE ALLOCATION BEFORE THE COUNTY TAX ALLOCATION BOARD (CTAB).

Pursuant to MCL 211.210; MSA 7.70, each local unit of government is required to file its proposed budget with the CTAB. If the CTAB determines that the millage requested by the local units, collectively, exceeds the fifteen mill limit, Const 1963, art 9, § 6, then the CTAB is required to allocate the

fifteen mills among the local units utilizing the criteria set forth in MCL 211.211(e); MSA 7.71(e). *East Grand Rapids School Dist v Kent Co Tax Allocation Bd,* 415 Mich 381, 385; 330 NW2d 7 (1982). That statute directs the CTAB to "divide the balance of the net limitation tax rate between all local units *after due consideration of the needs of the several local units. . . ."* MCL 211.211(e); MSA 7.71(e). (Emphasis added.) In *Almira Twp v Benzie Co Tax Allocation Bd,* 80 Mich App 755, 761-762; 265 NW2d 39 (1978), this Court characterized the process of allocation of property tax millage as one of "peculiarly local concern. Deference must be accorded to local decisions concerning the distribution of financial resources among competing governmental units rendering services to the community."

The record in this case discloses that for five years (1981-1985) the CTAB approved an identical tax rate of one mill for the townships and 8.58 mills for the school districts. The total for all local units was fifteen mills. During the 1984 tax allocation process, the township sought a tax rate of 2.29 mills and the school district submitted a budget representing 14.58 mills.

As a township trustee, plaintiff served on the budget committee and assisted in the preparation of the budget underlying the township's millage request. He also approved the budget after it was submitted to the township board for approval.

The school district process for arriving at a budget to submit to the CTAB was as follows. First, department heads submitted budget requests to plaintiff for review. Next, the requests were submitted to the finance committee, which consisted only of school board members. Plaintiff described his role in this process as having "input" in the final budget submitted by the finance director or

business manager for review and approval by the school board. This is consistent with plaintiff's admitted duty to assist the school board in matters pertaining to the school's welfare. We now turn to the legal issues in the case.

I

The Attorney General first argues that since plaintiff is no longer a township trustee the issue is moot. As a general rule our courts will not entertain moot issues or decide moot cases. *East Grand Rapids School Dist, supra.* An issue is moot where circumstances render it impossible for the reviewing court to grant any relief. *Plumbers & Pipefitters Local Union No 190 v Wolff,* 141 Mich App 815, 818; 369 NW2d 237 (1985). However, this Court will entertain cases that are technically moot if the issues involved are of public signifi- cance and are likely to recur in the future and yet evade judicial review. *Socialist Workers Party v Secretary of State,* 412 Mich 571, 582 n 11; 317 NW2d 1 (1982); *In re Wayne Co Election Comm,* 150 Mich App 427, 432; 388 NW2d 707 (1986), lv den 425 Mich 882 (1986).

Although plaintiff indicated in deposition that the Attorney General opinion was not a factor in his decision not to seek reelection, he did not know whether he would seek reelection in the future. Thus the Attorney General opinion continues to cloud this aspect of his future. The issue of incom- patible public offices is of significant public inter- est. We also believe that the issue may recur and, as here, evade review while plaintiff held both offices. Thus we choose to review this case.

II

The Attorney General next argues that the posi-

tions are incompatible in fact because (1) the two public bodies actually contract with each other and (2) the two public bodies compete for tax allocations before the CTAB. We note that our review of a lower court's decision in a declaratory judgment action is de novo, *Smith v Lumbermen's Mutual Ins Co,* 101 Mich App 78; 300 NW2d 457 (1980), lv den 411 Mich 873 (1981), but we will reverse only where the trial court's factual findings are clearly erroneous. *Saunders v Dearborn,* 107 Mich App 499, 507; 309 NW2d 641 (1981).

Section 2 of the incompatible offices act, MCL 15.182; MSA 15.1120(122), provides in pertinent part:

> Except as provided in section 3, a public officer or public employee shall not hold 2 or more incompatible offices at the same time.

"Incompatible Offices" are defined in the act:

> "Incompatible offices" means public offices held by a public official which, when the official is performing the duties of any of the public offices held by the official, results in any of the following with respect to those offices held:
> (i) The subordination of 1 public office to another.
> (ii) The supervision of 1 public office by another.
> (iii) A breach of duty of public office. [MCL 15.181(b); MSA 15.1120(121)(b)].

Relevant here, of course, is subsection (iii). Both parties rely on OAG, 1979-1980, No 5626, p 537 (January 16, 1980), for the proposition that the act changed the common law:

> Although the statute adopts the first and second

criteria of common law incompatibility, there is a significant difference between the third statutory criterion and the common law doctrine of incompatibility. As stated earlier, under the common law, the test of incompatibility involved an analysis of the character and relationship of the two offices, not merely the performance, or the prospective right of performance, of inconsistent duties gave rise to incompatibility. 67 CJS, *Officers,* § 23, pp 135-136. The statute, however, focuses upon the manner in which the public official performs the duties of the public offices. This is true because, pursuant to the statutory definition of the term "incompatible offices" at section 1(b), incompatibility exists only when the performance of the duties of one of the public offices by the official *results* in any of the three prohibited situations occurring. [*Id.* at 542. Emphasis in original.]

Applying the statute to the facts in this case leads us to the conclusion that the offices held by plaintiff were, and are, incompatible.

In this case plaintiff stood on both sides of what was presumably an arms-length bargain. As a township trustee it was plaintiff's duty to vote to either approve or disapprove the contract. As school district superintendent plaintiff was in a direct supervisory role over the district's negotiator.

Plaintiff argues that since (1) he abstained from the trustee's vote on the contract and (2) he did not have approval or disapproval power over the contract on the school district's side, his actions in office were not incompatible. The trial court agreed, concluding that plaintiff "avoided a conflict of interest" by abstaining from voting and that this was an "adequate remedy."

The instant case does not involve a conflict of interest but rather a breach of duty. The distinction has been explained:

Incompatibility of office or a position is not the same as conflict of interest. Incompatibility of office or position involves a conflict of duties between two offices or positions. While this conflict of duties is also a conflict of interest, a conflict of interest can exist when only one office or position is involved, the conflict being between that office or position and a nongovernmental interest. Incompatibility of office or position requires the involvement of two governmental offices or positions. Moreover, incompatibility of office or position may be sufficient for a vacation of an office when conflict of interest is not. [63 Am Jur 2d, Public Officers and Employees, § 79, p 728.]

The previously cited OAG opinion was in accord when it stated:

Thus, a public official's abstention from the responsibilities of his or her office in order to avoid participating in the approval of both sides of an agreement between the two public entities which he or she serves is itself a breach of duty. Only vacation of one office will resolve the public official's dilemma. [OAG, 1979-1980, No 5626 at 545.]

We agree. We therefore hold that the positions of township trustee and school district superintendent are incompatible where the board of trustees and the school district are in a contractual relationship.

We are also of the opinion that the offices are incompatible relative to the tax millage allocation. Although the CTAB in this case ultimately rejected the township and Clintondale District budgetary requests it seems plain that while the two proposals were before the CTAB they were competing proposals. The requests exceeded the statutory minimum tax rates for both units.

Plaintiff was a member of the township budget

committee in 1984. In that capacity, he was involved in the process of reviewing budget requests by the departments of township government and preparing a budget that was submitted to the township board for approval. As a member of the township board, he voted to approve the budget that was then submitted to the Macomb CTAB to support the township's request for an allocated tax rate of 2.29 mills.

In his capacity as superintendent, plaintiff was involved in the preparation of the school district budget that was submitted to the CTAB to support the district's request for an allocated millage rate. Plaintiff met with department heads on budget requests, participated in meetings of the school board's finance committee on budgetary matters, and made recommendations to the board of education concerning approval of the proposed budget.

A person in plaintiff's situation would therefore find himself in the position of aiding in two competing budgetary requests from the CTAB, which allocates finite funds. We conclude that such a position is in violation of the act and reverse the trial court. We emphasize that our ruling is based upon the incompatibility of the two offices and not on any lack of integrity or good faith of the person holding the offices.

Reversed.