TRUITT v TRUITT

Docket No. 98613. Submitted June 29, 1988, at Detroit. Decided
October 4, 1988.

Plaintiff, Brian Truitt, and defendant, Janice Truitt, were di-
vorced by order of the Oakland Circuit Court and custody of
their three daughters was awarded to plaintiff. Defendant
subsequently filed a motion for a change of custody, which the
court, Richard D. Kuhn, J., granted based on the recommenda-
tion of the friend of the court. Plaintiff appealed.

The Court of Appeals *held:*

1. The trial court committed a clear legal error, requiring
reversal and a new hearing before a different judge, by adopt-
ing the friend of the court's findings of fact rather than making
its own findings of fact. In a divorce action, the court may
consider a report by the friend of the court in determining
child custody, but such report is inadmissible as evidence
where, as here, the parties do not stipulate to the report's
admission. Also, where a party who is dissatisfied with a
recommendation of the friend of the court moves for a hearing
de novo by the court as the plaintiff did in this case, the court
must conduct its hearing as if no friend of the court hearing
had been previously conducted and arrive at an independent
conclusion.

2. The trial court, in considering the best interests of the
children pursuant to the Child Custody Act, erred in determin-
ing that plaintiff was morally unfit solely on the basis of his
cohabitation with a girlfriend.

3. The trial court abused its discretion when it failed to give
individual consideration to two other factors regarding the best
interests of the children under the Child Custody Act by
deciding those factors on the basis of plaintiff's moral fitness.

4. The trial court erred in admitting certain hearsay testi-

REFERENCES

Am Jur 2d, Divorce and Separation §§ 974 *et seq.*

Propriety of provision of custody or visitation order designed to
insulate child from parent's extramarital sexual relationships. 40
ALR4th 812.

mony by defendant. The statements were offered to prove the truth of the matters asserted but did not fit under any exception to the hearsay rule.

Reversed and remanded.

1. Divorce — Child Custody — Appeal.

A child custody award must be affirmed unless the trial court's findings of fact are against the great weight of the evidence or the judge committed a palpable abuse of discretion or clear error on a major issue (MCL 722.28; MSA 25.312[8]).

2. Divorce — Child Custody — Friend of the Court — Evidence.

A trial court in a divorce action may consider a supplemental report by the friend of the court in determining child custody, but such report is inadmissible as evidence absent agreement of the parties.

3. Divorce — Child Custody — Friend of the Court — Hearings De Novo.

The guarantee under the Friend of the Court Act of a hearing de novo requires the circuit court, on motion of any party dissatisfied with a recommendation of the friend of the court, to conduct a hearing as if no friend of the court hearing had been conducted previously and arrive at an independent conclusion (MCL 552.507[5]; MSA 25.176[7][5]).

4. Divorce — Child Custody — Best Interests of Child — Moral Fitness.

Unmarried cohabitation by itself does not constitute immorality on the part of a parent under the provisions of the Child Custody Act regarding the best interests of the child (MCL 722.23[f]; MSA 25.312[3][f]).

5. Divorce — Child Custody — Best Interests of Child.

A trial court, in determining the best interests of a child in a custody dispute, must individually consider, evaluate and determine each of the factors relating to the best interests of the child contained in the Child Custody Act (MCL 722.23; MSA 25.312[3]).

*Powers, Hallowell, Burns & Nickolai* (by *Dennis N. Powers*), for plaintiff.

*Ann Hunt Meloche,* for defendant.

Before: KELLY, P.J., and MAHER and M. WAR-SHAWSKY,* JJ.

PER CURIAM. Plaintiff, Brian Truitt, appeals as of right from an order changing the custody of his two minor children. The circuit judge ruled that it was in the best interests of the children to change their physical custody from plaintiff to defendant, Janice Truitt. We reverse.

Plaintiff and defendant were divorced in September of 1982. Plaintiff was granted physical custody of their three daughters: Mindy, born January 20, 1970; Carrie, born October 26, 1973, and Stacey, born April 9, 1975. Plaintiff and his daughters continued to live in the marital home until the ordered change of custody.

Defendant moved to change the custody of the children in December of 1985. The court referred the custody of the two youngest daughters to the friend of the court, which conducted an investigation and recommended changing custody to defendant. Plaintiff objected to this recommendation, so the friend of the court held an evidentiary hearing, and again recommended changing custody to defendant. Plaintiff again objected to the friend of the court's recommendation.

An evidentiary hearing was held before the circuit court on February 4, 1987. Defendant first called plaintiff as an adverse witness. Plaintiff testified that his former girlfriend had previously spent weekends and stayed overnight with plaintiff at his home while his daughters were present, but that she had not done so in over one year. Plaintiff had three girlfriends since his divorce in 1982, and was presently engaged to his latest girlfriend. Plaintiff earned $700 per week and netted $370 per week after paying alimony. Plaintiff left for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

work at 7:00 A.M., so he was not usually home when his two youngest daughters were picked up by the school bus at 7:35 A.M. His two youngest daughters missed the bus from time to time, requiring plaintiff to come home from work and to drive them to school. Plaintiff later testified that the girls had no attendance problem at school. One of the girls failed a class in school while in his custody. His ʿoldest daughter, Mindy, had taken over the cooking at home because she enjoyed cooking. The two oldest daughters also did the laundry occasionally. Plaintiff had breakfast food in the home, but the girls did not eat breakfast because they did not like to eat in the morning. He ensured that there was enough food in the home, but the girls complained about the lack of snack foods. Plaintiff testified that he never gave his daughters permission to use birth control devices.

Defendant testified that she worked as a paralegal and earned $400 per week. She described the girls' clothing as filthy, and said that she received complaints from officials at the girls' school that they were dirty and that they smelled. Defendant testified that she did not have unrelated men stay at her home when the girls stayed with her and that she believed that plaintiff was not morally fit. (Plaintiff later testified that defendant did have men stay overnight while the girls visited her.) Defendant testified that plaintiff would not give her the girls' school records. The two youngest daughters told her that they wanted to live with her, and that there was no food in plaintiff's house. The girls complained that they had to cook their own meals and do their own laundry.

Defendant stated that she lived in a two-bedroom townhouse in a government-subsidized housing project in Union Lake, Michigan. Defendant's

lease requires that two children live with her. Plaintiff characterized defendant's apartment complex as a welfare complex and said it is a problem neighborhood with a high rate of crime and drug use. Plaintiff and his daughters lived in a house in Milford, Michigan, in a semirural upper middle class neighborhood.

On February 9, 1987, the circuit court issued an opinion finding by clear and convincing evidence that it would be in the best interests of the two youngest daughters to change their physical custody from plaintiff to defendant. Plaintiff raises four issues for review.

Our review of a custody decision is de novo, but is limited by § 8 of the Child Custody Act, MCL 722.28; MSA 25.312(8), which provides:

> To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.

First, plaintiff argues that the trial judge erred so as to require reversal by basing his decision on the hearings and findings of the friend of the court.

The trial court may consider a friend of the court's report, but must reach its own conclusions:

> "Such a report is authorized by statute for the consideration of the circuit judge." *Krachun v Krachun,* 355 Mich 167, 169; 93 NW2d 885 (1959), MCL 555.253; MSA 25.173. "The trial judge may consider the report in reaching his decision, but the report is inadmissible as evidence unless all of the parties agree otherwise." *McCarthy,* [v *McCar-*

*thy,* 74 Mich App 105, 109; 253 NW2d 672 (1977)].
The trial judge remains "in duty bound to exercise
his own judgment on properly received evidence"
*Brugel v Hildebrant,* 332 Mich 475, 484; 52 NW2d
190 (1952). [*Nichols v Nichols,* 106 Mich App 584,
588; 308 NW2d 291 (1981).]

This Court has also explained that the circuit
court's custody decision must be based upon its
own evidentiary hearing, rather than the friend of
the court's hearing and conclusions:

[I]t is clear from the statute that the circuit
court must, upon motion by either party, conduct
a "de novo hearing," rather than simply provide
de novo review. MCL 552.507(5); MSA 25.176(7)(5).
The distinction is one that has meaning and, in
the context of trials, has been extensively dis-
cussed by this Court in *Walker v Wolverine Fabri-
cating & Mfg Co, Inc,* 138 Mich App 660; 360
NW2d 264 (1984), lv grtd 422 Mich 858 (1985), and
in *Anderson v General Motors Corp,* 138 Mich App
581, 585; 360 NW2d 251 (1984). Where a trial de
novo is required, the circuit court is required to
proceed as if no "prior determination had been
made and arrive at an independent decision."
*Anderson v General Motors Corp, supra,* 138 Mich
App 585. We hold that the de novo hearing guar-
anteed under MCL 552.507(5); MSA 25.176(7)(5)
requires the circuit court, on motion of any party
dissatisfied with a recommendation of the friend of
the court, to conduct a hearing as if no friend of
the court hearing had been conducted previously
and arrive at an independent conclusion. [*Mar-
shall v Beal,* 158 Mich App 582, 591; 405 NW2d
101 (1986).]

The circuit court's opinion and order changing
custody to defendant reads:

The Court has reviewed Defendant's Brief and
Supplemental Brief, and Plaintiff's Brief and Ob-

jections to the Friend of the Court's Custody Recommendation of December 11, 1986. The Court has also extensively interviewed the minor children, Carrie and Stacy. The Court further held an evidentiary hearing on February 4, 1987 and heard exhaustive testimony from Plaintiff and Defendant. Based on the foregoing, the Court is in agreement with and adopts the findings of fact by the Friend of the Court Referee.

The Court must note at the outset, that the Referee held extensive Evidentiary Hearings encompassing three (3) days concerning said matter. The Court concurs with the Referee that an established custodial environment exists and that the testimony presented established clear and convincing evidence that it is in the best interest of the children that physical custody be changed to Defendant mother.

*     *     *

Therefore, it is the opinion of the Court that based upon the testimony presented by the parties, the hearings and findings of the Referee, and the exhaustive interview of all the children, the Court finds that even though there is an established custodial environment with Plaintiff, father, the testimony presented establishes clear and convincing evidence that it is in the best interest of the minor children that physical custody be changed to Defendant, mother.

The parties did not stipulate to allowing the friend of the court's recommendations or report into evidence. The language used by the trial court indicates that it did not arrive at an independent conclusion based upon a hearing de novo, but instead reviewed and adopted the friend of the court's findings. The trial court also made fact findings which were not supported by the testimony at its own hearing, but evidently were supported by the friend of the court's investigation and hearing. This is a clear legal error which requires reversal and a new hearing.

Plaintiff also argues that the trial court errone-ously determined that plaintiff was not morally fit compared to defendant. Section 3 of the Child Custody Act, MCL 722.23; MSA 25.312(3), reads:

"Best interests of the child" means the sum total of the following factors to be considered, evaluated, and determined by the court:

(a) The love, affection, and other emotional ties existing between the parties involved and the child.

(b) The capacity and disposition of the parties involved to give the child love, affection, and guid-ance and continuation of the educating and raising of the child in its religion or creed, if any.

(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.

(d) The length of time the child has lived in a stable, satisfactory environment, and the desirabil-ity of maintaining continuity.

(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

(f) The moral fitness of the parties involved.

(g) The mental and physical health of the parties involved.

(h) The home, school, and community record of the child.

(i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express preference.

(j) The willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent.

(k) any other factor considered by the court to be relevant to a particular child custody dispute.

In reference to factor (f), the parties' compara-tive moral fitness, the trial court stated:

As to factor F, the moral fitness of the competing parties, the Court also finds in favor of Defendant, mother. Plaintiff openly admits that he had sexual relations with his girlfriend while the minor children were at home and that his girlfriend frequently slept over at the home on weekends for a period extending nine months. It also appears that other non-related females have also spent the night or weekends during the same period of time. Moreover, Plaintiff admitted during the Court hearing that there was nothing wrong with having lady friends spending the night or weekend at the marital home, even though the minor children are at such a young and impressionable age.

Standing alone, unmarried cohabitation is not enough to constitute immorality under the Child Custody Act. *Williamson v Williamson,* 122 Mich App 667, 673; 333 NW2d 6 (1982); *Snyder v Snyder,* 170 Mich App 801; 429 NW2d 234 (1988). The trial court's reference to admissions by plaintiff that this behavior was appropriate, and to "other nonrelated females" spending the night, is not supported by testimony presented at the evidentiary hearing. This finding is a clear legal error which affected the court's other findings, and requires reversal.

The trial judge's finding on the issue of morality also affected his findings on other factors, and seemed to color his view of the entire matter. Regarding factors (d) and (e), the court concluded:

As to factor D, the length of time the children have lived in a stable, satisfactory environment and the desirability of maintaining that continuity, the Court finds that there is no advantage to maintaining the status quo based on the other factors provided in this test.

As to factor E, the permanence as a unit of the existing or proposed custodial home, the Court finds in favor of Defendant, mother. Even though

Plaintiff resides in the marital home and Defendant resides in a two bedroom town house complex, the fact that the circumstances listed in Factor F occurred gives Defendant a distinct advantage.

A trial judge must consider, evaluate, and determine each of these factors individually to determine the best interests of the child. *In re Flynn,* 130 Mich App 740, 757; 344 NW2d 352 (1983). Here the trial court did not consider and evaluate factors (d) and (e) individually; instead he based his findings upon the erroneous conclusion reached in deciding factor (f). This is a palpable abuse of discretion which requires reversal and a rehearing. Due to the trial judge's apparent moral indignation, he will be spared revisiting the issue in this case. Rehearing will be held before a different circuit judge.

Plaintiff also argues that the trial court's findings regarding § 3 of the Child Custody Act were against the great weight of the evidence. However, it is not necessary to consider this issue because this case will be remanded for a rehearing which will require a new presentation of evidence and fact findings based solely upon that evidence.

Plaintiff also argues that the trial court erred by allowing the admission of hearsay statements. At trial the defendant testified regarding several statements made by her children:

*Q.* Do you believe that Mr. Truitt is a morally fit parent?
*A.* No, I don't.
*Q.* Why is that?
*A.* Because I know he has females staying in the same home with my daughters, and I know that their reaction to that is that's okay, it's fine to do that and I don't think it is.

* * *

*Q.* Have the children ever told you there is no food in the home?

*A.* Yes.

* * *

*Q.* Did the children ever complain to you that they did not maintain a visitation schedule with you because they were forced into babysitting for Mr. Truitt's girlfriend's children?

*A.* Yes, Kerry told me that several times.

The trial court erroneously allowed this testimony over plaintiff's objection. This testimony was offered into evidence to prove the truth of the matters asserted in the childrens' statements, and so was hearsay, and not admissible. MRE 801(c), 802. These statements are not excepted from the hearsay rule by MRE 803 or 804. Since the facts asserted in these statements were not shown by other competent evidence at the hearing, this error was not harmless.

For the foregoing reasons, we reverse the circuit court's order changing physical custody from the plaintiff to defendant, and remand this case for a new hearing before a different trial judge.

Reversed and remanded.

M. WARSHAWSKY, J., concurs in the result only.