## CRAMPTON v CRAMPTON

Docket No. 110043. Submitted March 23, 1989, at Lansing. Decided May 17, 1989.

Plaintiff, Brian L. Crampton, and defendant, Rene M. Crampton, also known as Rene M. Dodd, were divorced pursuant to a judgment entered in the Genesee Circuit Court. Physical custody of the parties' two minor children was awarded to defendant. Plaintiff thereafter petitioned to have physical custody of the children changed from defendant to plaintiff. The trial court, Valdemar L. Washington, J., relying on the testimony and evidence from a referee's hearing and without conducting a de novo hearing, entered an order changing custody to the plaintiff. A controlling issue in the decision to change custody was the court's concern regarding the children's stepfather's drinking pattern. Defendant appealed.

The Court of Appeals *held:*

1. It was clear legal error requiring reversal for the trial court to fail to provide the parties with a de novo hearing. It was not sufficient for the court to rely on the testimony and evidence from the referee's hearing and to limit the taking of further testimony as was done here.

2. Any future hearings on this matter are to be held before a different circuit court judge.

Reversed.

DIVORCE — CHILD CUSTODY — HEARINGS DE NOVO — APPEAL.

A trial court's failure to conduct a de novo hearing when a party petitions for an order amending the child custody provision of a judgment of divorce is clear legal error requiring reversal; it is not sufficient for the court to rely on the testimony and evidence from a referee's hearing on the matter (MCL 722.28; MSA 25.312[8]).

REFERENCES

Am Jur 2d, Divorce and Separation § 1008.

Court's power to modify child custody order as affected by agreement which was incorporated in divorce decree. 73 ALR2d 1444.

Constitutional principles applicable to award or modification of custody of child—Supreme Court cases. 80 L Ed 2d 886.

*Terrance P. Sheehan,* for plaintiff.

*David G. Moore,* for defendant.

Before: MacKENZIE, P.J., and HOOD and GRIBBS, JJ.

PER CURIAM. Defendant appeals as of right from an order of the circuit court directing a change of physical custody of two minor children from defendant mother to plaintiff father. We reverse.

The dispositive issue here is the trial court's failure to provide the parties with a de novo hearing. It was not sufficient for the court to rely on the testimony and evidence from the referee's hearing and to limit the taking of further testimony as was done here. *Truitt v Truitt,* 172 Mich App 38, 43-43; 431 NW2d 454 (1988). This is clear legal error requiring reversal. *Id.,* p 44; MCL 722.28; MSA 25.312(8).

Given this disposition, we need not address defendant's other issues concerning an earlier injunction and the sufficiency of the evidence. Also, consideration of whether the court appropriately enjoined defendant from moving to another county is now moot given the dissolution of that order. As a general rule, we do not review moot issues. *Contesti v Attorney General,* 164 Mich App 271, 278; 416 NW2d 410 (1987).

However, in our review of these issues, we were struck by the attitude of the court reflected in the record. The court was correct to be concerned regarding potential harm to the children because of the stepfather's drinking pattern. However, this appears to have been the controlling issue in the decision to change custody. As with the injunction, it appears that the court may, understandably, have taken a more drastic approach to issues

which could have been resolved differently if the best interests of the children were being considered. Custody matters are always difficult for trial courts because they require difficult and Solomon-like decisions. We believe it is in the best interests of the children to obtain a full and fair hearing by a judge who is not burdened by the recollection, consciously or unconsciously, of earlier testimony at prior hearings.

In an effort to relieve the trial court of such burdens and in the best interest of the children, we direct that any future hearings on this matter be held before a different circuit judge.

Reversed.