HELMS v HELMS

Docket No. 123545. Submitted August 7, 1990, at Grand Rapids. Decided October 2, 1990.

Plaintiff, Kathleen Marie Helms, and defendant, David Allen Helms, were divorced by order of the Isabella Circuit Court, Jack T. Arnold J., and custody of the parties' two minor children was awarded to defendant. Plaintiff, with whom the children had resided after the parties separated, appealed the award of custody to defendant.

The Court of Appeals *held:*

1. This was an original action in circuit court to determine custody of the children, not an action for modification or amendment of a previous judgment regarding custody. The question whether an established custodial environment existed with plaintiff therefore is irrelevant. For purposes of determining custody in an original action, it is the best interests of the children which controls, and to determine the best interests of the children, the court must consider eleven statutory factors and explicitly state its findings and conclusions on each of the factors. This the trial court did and found that custody with defendant was warranted because plaintiff was unstable, immoral, uncooperative, and untruthful.

2. The trial court's findings were supported by testimony at trial.

3. The court did not decide to grant custody to defendant solely on the basis of plaintiff's alleged immoral conduct.

4. The court did not err by entering an order of support after plaintiff filed her claim of appeal. In the judgment of divorce, the court reserved the question of child support and insurance for the children until further order of the court. Plaintiff's filing of her claim of appeal prior to the entry of the court's order for support did not divest the court of jurisdiction to enter its support order. Furthermore, the divorce judgment was not a final judgment subject to an appeal of right. Thus,

REFERENCES

Am Jur 2d, Divorce and Separation §§ 420, 430, 432, 433, 974, 978.
See the Index to Annotations under Appeal and Error; Cohabitation; Custody and Support of Children.

because of the interlocutory nature of the initial divorce order, the merits of the appeal are considered as on leave granted. However, plaintiff did not file an appeal from the second order, i.e., the order for support and insurance for the children, and therefore any challenge as to that order is not properly before the Court of Appeals.

Affirmed.

1. PARENT AND CHILD — CHILD CUSTODY — BEST INTERESTS OF CHILD.

The question whether an established custodial environment exists with one of the parties is irrelevant in an original action in circuit court to determine custody of a child; for purposes of determining custody in an original action, it is the best interests of the child which controls (MCL 722.25; MSA 25.312[5]).

2. PARENT AND CHILD — CHILD CUSTODY — MORAL FITNESS — UNMARRIED COHABITATION.

The moral fitness of the parties is just one of several factors to be considered in a custody action; standing alone, unmarried cohabitation is not enough to constitute immorality under the Child Custody Act (MCL 722.23[f]; MSA 25.312[3][f]).

3. DIVORCE — JUDGMENTS — RESERVATION OF ISSUES — APPEAL.

A divorce judgment which reserves the question of child support and insurance for the children until further order of the court is not a final judgment of the court subject to an appeal of right but, rather, is in the nature of an interlocutory order the merits of which may be considered on appeal as on leave granted.

*Lynn R. Chamberlain, P.C.* (by *Lynn R. Chamberlain* and *Mark G. Kowalczyk*), for plaintiff.

*J. Paul Janes, P.C.* (by *J. Paul Janes*), for defendant.

Before: DANHOF, C.J., and SULLIVAN and NEFF, JJ.

PER CURIAM. Plaintiff wife appeals as of right from an Isabella Circuit Court order awarding defendant husband custody of their two minor children. We affirm.

On appeal, plaintiff contends that the trial court

erred by determining that there was clear and convincing evidence to warrant a change of custody of the parties' children.

Our review of child custody cases is de novo. *Zuziak v Zuziak,* 169 Mich App 741, 744; 426 NW2d 761 (1988). However, we will affirm custody orders and judgments unless the trial court made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or clear legal error on a major issue. MCL 722.28; MSA 25.312(8).

Here, the trial court found that the children had an "established custodial environment" with plaintiff pursuant to MCL 722.27(1)(c); MSA 25.312(7)(1)(c). Therefore, pursuant to the statute, the burden of proof was on defendant to present clear and convincing evidence that such change was in the best interests of the children. We note, however, that the court need not have reached the question whether a custodial environment existed since this was not an action to modify or amend a previous judgment regarding custody as set out in MCL 722.27(1)(c); MSA 25.312(7)(1)(c). It was, rather, an original action in circuit court involving the determination of custody of the children. We believe that the establishment of a custodial environment becomes a factor only when considering a petition for a change of custody. Where the dispute is between the parents, as it is here, the best interests of the children shall control. MCL 722.25; MSA 25.312(5).

To determine the best interests of the child in custody cases, the trial court must consider the eleven factors of § 3 of the Child Custody Act:

> (a) The love, affection, and other emotional ties existing between the parties involved and the child.

(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and continuation of the educating and raising of the child in its religion or creed, if any.

(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other medical needs.

(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.

(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

(f) The moral fitness of the parties involved.

(g) The mental and physical health of the parties involved.

(h) The home, school, and community record of the child.

(i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express preference.

(j) The willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent.

(k) Any other factor considered by the court to be relevant to a particular child custody dispute. [MCL 722.23; MSA 25.312(3).]

The trial court must consider and explicitly state its findings and conclusions on each of these factors. *Daniels v Daniels,* 165 Mich App 726, 730; 418 NW2d 924 (1988).

Here, the trial court carefully considered factors (a) through (k) and explained its findings and conclusions on each factor in its opinion. The court found that the parties were equal with regard to factors (a), (b), (c), and (h) and found factors (d), (e), (f), (g), and (j) in defendant's favor. As to factor (k), any other factor, the court found that keeping the

children with their stepsister favored custody with plaintiff. The court did not take factor (i), preference of the children, into consideration because the court determined that the children were too young to have a preference. The trial court concluded its findings by stating that custody with defendant was warranted because plaintiff was unstable, immoral, uncooperative, and untruthful. The trial court focused on plaintiff's instability, her selfishness and her refusal to consult defendant concerning the children.

Plaintiff first claims that the trial court improperly assessed the weight to be given to the evidence. We disagree. The trial court was in the best position to determine the credibility of the conflicting witnesses produced at trial, and we defer to its determination in deciding these factors. *Zuziak, supra* at 748. We find that the trial court's findings regarding factors (a) through (k) of § 3 were supported by testimony at trial.

Plaintiff next argues that the trial court improperly based its decision on plaintiff's alleged immoral conduct. We disagree. The moral fitness of the parties is a factor to be considered in a custody action. MCL 722.23(f); MSA 25.312(3)(f). However, the moral fitness of the parties is but one factor. *Truitt v Truitt,* 172 Mich App 38, 46; 431 NW2d 454 (1988). Standing alone, unmarried cohabitation is not enough to constitute immorality under the Child Custody Act. *Id.*

In this case, the trial court stated that the fact that plaintiff was pregnant, unmarried and living with her boyfriend indicated immoral conduct. The trial court, however, stated that this was but one factor in its determination. Unlike *Truitt,* this case does not concern unmarried cohabitation "standing alone," and plaintiff's pregnancy is an aggravating factor. It is clear that the moral fitness of

plaintiff was not the sole basis for the trial court's decision to give defendant custody of the children. The trial court properly assessed the weight and credibility of the evidence and based its decision on all eleven factors contained in the Child Custody Act.

Plaintiff's final claim is that the trial court erred by entering an order of support after plaintiff filed her claim of appeal with this Court.

In the November 14, 1989, judgment of divorce, the trial court reserved the question of child support and insurance for the children until further order of the court. On November 28, 1989, plaintiff filed a claim of appeal with this Court concerning "custody of minor children." On March 8, 1990, the trial court entered an order amending the judgment of divorce to include provisions for child support and insurance. Plaintiff objected to this order, prior to its entry, on the ground that the circuit court was without jurisdiction to amend the judgment. Plaintiff's objections were overruled and the order was entered.

We disagree that plaintiff's claim of appeal divested the trial court of the jurisdiction to enter its subsequent order. The November 14, 1988, divorce judgment left open the area of child support and insurance. Because this judgment did not dispose of all claims of all the parties, it was not a final judgment. See *Comm'r of Ins v Advisory Bd of the Michigan State Accident Fund,* 173 Mich App 566, 589; 434 NW2d 433 (1988), lv den 433 Mich 872 (1989). This raises the question, however, whether this Court has the jurisdiction to review the initial divorce decree that plaintiff appeals from because this Court has jurisdiction over appeals from final judgments of circuit courts. MCR 7.203. In keeping with the interlocutory nature of the initial divorce order, we consider the merits of

the appeal as on leave granted. *Derbeck v Ward,* 178 Mich App 38, 42; 443 NW2d 812 (1989). Because plaintiff did not file an appeal from the second order, it is not properly before this Court.

Affirmed.