MacINTYRE v MacINTYRE

Docket No. 255368. Submitted December 14, 2004, at Detroit. Decided
    January 11, 2005, at 9:05 a.m. Leave to appeal sought.
    Patrick J. MacIntyre brought a divorce action in the Oakland Circuit
        Court against Regina M. MacIntyre, which action included a
        stipulation for arbitration of issues, including the custody of their
        minor child, under the domestic relations arbitration act, MCL
        600.5070 *et seq.* Using the factors delineated in MCL 222.23 of the
        Child Custody Act, the arbitrator awarded the plaintiff sole
        custody of the child, and the defendant requested the circuit court
        to vacate that determination and conduct a hearing de novo
        pursuant to MCL 600.5080. The court, Michael Warren, J., re-
        viewed the arbitrator's record and entered a judgment of divorce
        that was consistent with the arbitrator's award of custody. The
        defendant appealed, seeking a hearing de novo by the court to
        determine custody of the child.

    The Court of Appeals *held*:

    A trial court is duty-bound to exercise its own judgment
    regarding child custody by, upon request, conducting a hearing de
    novo to determine what custody arrangement would be in the
    child's best interests. Review de novo of the record of the arbitra-
    tion proceeding is insufficient for a court to use as a basis for its
    determination of custody. A court's decision on custody must be
    informed and made after careful deliberation. The trial court erred
    by declining the defendant's request for a hearing de novo and by
    basing its determination regarding the best interests of the child
    solely on the arbitrator's findings of fact and the evidence pre-
    sented at the arbitration hearing.

    Judgment vacated in part and case remanded for an eviden-
    tiary hearing regarding the best interests of the minor child.

DIVORCE — CHILD CUSTODY — ARBITRATION — JUDICIAL CONFIRMATION.

    A court may not rely on the testimony and evidence in an arbitration
    hearing in reviewing the child custody determination of the
    arbitrator if a hearing de novo has been requested in writing by
    either party (MCL 552.507[5], 600.5080).

*Michelle E. Areeda, P.L.L.C.* (by *Michelle E. Areeda*), for the plaintiff.

*Puzzuoli, Hribar, Iafrate, Majerowicz, Gaber, Jansen & Kohler* (by *Felice V. Iafrate*) for the defendant.

Before: NEFF, P.J., and COOPER and R. S. GRIBBS[*], JJ.

COOPER, J. Defendant Regina Maureen MacIntyre appeals as of right a trial court order denying her motion to vacate an arbitration award under the domestic relations arbitration act (DRAA)[1] and granting plaintiff Patrick Joseph MacIntyre's motion to enter the judgment of divorce. On appeal, defendant challenges only the decision of the arbitrator and trial court to award sole physical custody of the parties' minor child, Patrick Mathew MacIntyre ("Patty"), to plaintiff. Defendant contends that this determination was not in the best interests of the child pursuant to MCL 722.23. Defendant also contends that the trial court erred by merely conducting a de novo review of the arbitration hearing record, rather than conducting a de novo hearing regarding the custody issue. We vacate the judgment in part and remand to allow the trial court to conduct a de novo evidentiary hearing regarding the best interests of the minor child.

### I. FACTS AND PROCEDURAL HISTORY

Following a difficult and hostile fourteen-year marriage,[2] plaintiff filed for divorce on June 25, 2002.

---

[*] Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

[1] MCL 600.5070 *et seq.*

[2] During the later years of their marriage, plaintiff actually resided in a mobile home parked in the backyard of the marital home.

During the subsequent acrimonious divorce proceedings, the parties agreed to binding arbitration under the DRAA regarding several issues, including child custody. After a three-day hearing, the arbitrator found that Patty had an established custodial environment with both parents. The arbitrator determined that, pursuant to MCL 722.23, factors b, e, g, h, j, and k favored plaintiff, while factors a, c, d, f, and l favored neither party. On the bases of a best interests analysis and the fact that defendant had been uncooperative during the divorce proceedings in facilitating the interim joint custody arrangement, the arbitrator awarded sole physical custody to plaintiff.

Defendant subsequently moved for the trial court to vacate that portion of the arbitration award pertaining to custody and conduct a de novo hearing pursuant to MCL 600.5080. Defendant asserted that the arbitrator failed to consider all the evidence in conducting the best interests analysis. The trial court instead conducted a de novo review of the record and entered the judgment of divorce consistent with the arbitrator's decision. This appeal followed.

## II. REVIEW OF ARBITRATION AWARD REGARDING CHILD CUSTODY

Defendant contends that, pursuant to the DRAA, the trial court was required to conduct a de novo hearing to consider her challenge to the arbitrator's award of custody before denying her motion to vacate the arbitration award. Furthermore, defendant contends that the trial court erred in denying her motion to partially vacate the award.

We review the trial court's choice, interpretation, or application of existing child custody law for clear legal

error.[3] In relation to child custody cases, we review the trial court's findings of fact pursuant to the "great weight of the evidence" standard, and discretionary rulings, including the court's ultimate determination of custody, for an abuse of discretion.[4] We review a trial court's determination on a motion to enforce, vacate, or modify an arbitration award de novo.[5]

Two subsections of the DRAA provide the standards and procedures for a circuit court's review of an arbitration award upon a party's motion to vacate or modify that award. MCL 600.5080 provides for the review of an arbitration award regarding child custody, child support, and parenting time as follows:

> (1) Subject to subsection (2), the circuit court shall not vacate or modify an award concerning child support, custody, or parenting time unless the court finds that the award is adverse to the best interests of the child who is the subject of the award or under the provisions of section 5081.
>
> (2) A review or modification of a child support amount, child custody, or parenting time shall be conducted and is *subject to the standards and procedures provided in other statutes, in other applicable law, and by court rule* that are applicable to child support amounts, child custody, or parenting time.
>
> (3) Other standards and procedures regarding review of arbitration awards described in this section are governed by court rule.[6]

MCL 600.5081 provides for the review of an award regarding any other subject. The statute enumerates

---

[3] *Foskett v Foskett*, 247 Mich App 1, 4-5; 634 NW2d 363 (2001).

[4] *Id.* at 5.

[5] *Tokar v Albery*, 258 Mich App 350, 352-353; 671 NW2d 139 (2003).

[6] MCL 600.5080 (emphasis added).

four grounds upon which the trial court must vacate the arbitration order.[7] If the trial court determines to vacate an award under this subsection, the court may order a rehearing, either before a new arbitrator or in the trial court.[8] Defendant challenges the arbitration award by asserting that the arbitrator failed to consider all the evidence in making her determination. As this is not an enumerated ground for vacation in § 5081 and as defendant is challenging the award based on custody, defendant's motion to vacate is subject only to § 5080. Therefore, we must determine what review of a child custody award is required by "the standards and procedures provided in other statutes, in other applicable law, and by court rule . . . ."

The Michigan Supreme Court recently held in *Harvey v Harvey*[9] that "[r]egardless of the type of alternative dispute resolution that parties use, the Child Custody Act requires the circuit court to determine independently what custodial placement is in the best interests of the children."[10] The Child Custody Act

---

[7] Specifically the statute provides for the vacation of the award if:

(a) The award was procured by corruption, fraud, or other undue means.

(b) There was evident partiality by the arbitrator appointed as a neutral, corruption of an arbitrator, or misconduct prejudicing a party's rights.

(c) The arbitrator exceeded his or her powers.

(d) The arbitrator refused to postpone the hearing on a showing of sufficient cause, refused to hear evidence material to the controversy, or otherwise conducted the hearing to prejudice substantially a party's rights. [MCL 500.5081(2).]

[8] MCL 600.5081(5).

[9] *Harvey v Harvey*, 470 Mich 186; 680 NW2d 835 (2004).

[10] *Id.* at 187, citing MCL 722.21 *et seq.*

governs *all* custody proceedings.[11] When the parties to a domestic relations dispute agree to a custody arrangement or proceed under the DRAA, "the court [must] satisfy itself concerning the best interests of the children. When the court signs the order, it indicates that it has done so. A judge signs an order only *after profound deliberation* and in the exercise of the judge's *traditional broad discretion.*"[12] The Supreme Court made clear in *Harvey* that the circuit court has the ultimate power to determine the best interests of a child.

A circuit court's duty with regard to a child custody case cannot be changed by the parties' stipulation to participate in binding arbitration. "[A] circuit court is generally not bound by stipulations or agreements concerning child custody."[13] If a court does enter the parties' stipulated agreement regarding custody, the court must still determine that the agreement is in the best interests of the child.[14] An agreement to enter into binding arbitration that includes a determination of custody can be treated no differently. When the parties agree to submit to binding arbitration, the trial court does not become automatically bound by determinations regarding child custody that arise from that

---

[11] *Id.* at 189, citing MCL 722.26.

[12] *Id.* at 192-193 (emphasis added), citing MCL 552.513(2), MCL 600.5080(1), and *Greene v Greene*, 357 Mich 196, 202; 98 NW2d 519 (1959).

[13] *Sirovey v Campbell*, 223 Mich App 59, 82; 565 NW2d 857 (1997), citing *Koron v Melendy*, 207 Mich App 188, 191; 523 NW2d 870 (1994). See also *Lombardo v Lombardo*, 202 Mich App 151, 160; 507 NW2d 788 (1993) ("Parties to a divorce judgment cannot by agreement usurp the court's authority to determine suitable provisions for the child's best interests."); *Napora v Napora*, 159 Mich App 241, 246; 406 NW2d 197 (1986) ("Although stipulations are favored by the judicial system and are generally upheld, a parent may not bargain away a child's right by agreement with a former spouse." [Citation deleted.]

[14] *Sirovey, supra* at 83.

agreed-upon procedure. The trial court must independently determine that the arbitrator's award is in the best interests of the child.

As the DRAA was not enacted until 2001, there is sparse case law regarding its provisions.[15] However, this Court has repeatedly considered a trial court's duty to review a Friend of the Court (FOC) referee's determinations pursuant to the Friend of the Court Act (FOCA).[16] In determining to enter a custody award based on the best interests of a child, a trial court may not "rely on the testimony and evidence from the referee's hearing and . . . limit the taking of further testimony . . . ."[17] Child custody matters involve "diffi-

---

[15] This Court did recently remand a trial court's custody determination following an arbitration award pursuant to the DRAA for a de novo hearing to consider the best interests of the children. *Bayati v Bayati*, 264 Mich App 595; ___ NW2d ___ (2004). In *Bayati*, this Court held:

> The language of MCL 600.5080 clearly mandates that the trial court conduct a review of the arbitrator's custody decision under the same framework provided in other statutes such as the Child Custody Act, MCL 722.21 *et seq. Harvey* [*supra* at 191-193.] Indeed, the Michigan Supreme Court has specifically stated that no matter what type of alternative dispute resolution is used by the parties, the Child Custody Act requires the trial court to independently determine what custodial placement is in the best interests of the children. *Id.* at 187. Because the trial court was required to review the best interests factors regarding custody and erred in entering judgment before independently deciding the best interests of the children, we must vacate the custody order and remand to the trial court for a de novo hearing on the best interests of the children. *Id.* at 191-192. [*Bayati, supra* at 595.]

[16] MCL 552.501 *et seq.* Pursuant to the FOCA, circuit courts are to use FOC referees to expedite certain domestic relations matters. MCL 552.508. However, "[t]he court shall hold a de novo hearing on any matter that has been the subject of a referee hearing, upon the written request of either party or upon motion of the court." MCL 552.507(5).

[17] *Crampton v Crampton*, 178 Mich App 362, 363; 443 NW2d 419 (1989), citing *Truitt v Truitt*, 172 Mich App 38, 43; 431 NW2d 454 (1988).

cult and Solomon-like decisions" requiring "a full and
fair hearing by a judge . . . . "[18] The trial court may not
rely on the referee's findings of fact when those findings
are unsupported by the evidence placed before the
court.[19] " 'The trial judge remains "in duty bound to
exercise his own judgment on properly received evi-
dence . . . ." ' "[20]

Although the FOCA specifically indicates that a de
novo hearing is required upon request, we do not find
the DRAA's silence in this regard dispositive. It is clear
from the long history of child custody case law that a
trial court must make the ultimate determination re-
garding the best interests of the child. A trial court's
decision must be informed and made after careful
deliberation. Such a decision must occur, if requested by
a party, following a full and fair hearing during which
the court is able to hear the evidence for itself. We find
that a de novo review of the record of an arbitration
proceeding is clearly insufficient for a trial court to use
to make this difficult determination. The trial court,
therefore, erroneously declined defendant's request for
a de novo evidentiary hearing and based its determina-
tion regarding the best interests of the parties' minor
child solely on the arbitrator's findings of fact and the
evidence presented at the arbitration hearing. Accord-
ingly, we find that the trial court is "duty bound to
exercise [its] own judgment" by conducting a de novo
hearing to determine what custody arrangement would
be in the child's best interests.[21]

---

[18] *Id.* at 364.

[19] *Truitt, supra* at 44.

[20] *Id.* at 43, quoting *Nichols v Nichols*, 106 Mich App 584, 588; 308
NW2d 291 (1981), quoting *Brugel v Hildebrandt*, 332 Mich 475, 484; 52
NW2d 190 (1952).

[21] As the trial court has yet to make an independent determination
regarding the best interests of the child, we need not consider defen-
dant's challenges to the analysis of the best interest factors.

Vacated in part and remanded for a de novo evidentiary hearing regarding the best interests of the minor child. We do not retain jurisdiction.