WAYNE COUNTY PROSECUTOR v KINNEY

Docket No. 114323. Submitted May 8, 1990, at Detroit. Decided July 17, 1990. Leave to appeal applied for.

The Wayne County Prosecutor brought in Wayne Circuit Court an action under the incompatible offices act against James Kinney and the City of Woodhaven, claiming that Kinney, by being a Woodhaven city council member and a paid volunteer fire fighter for the Woodhaven Fire Department, held incompatible offices and that the Woodhaven charter provision which allowed the same was in conflict with the incompatible offices act. The trial court, John H. Hausner, J., granted plaintiff's motion for summary disposition, finding that the offices were incompatible, ordering Kinney to choose between the positions and declaring the charter provision null and void. Kinney appealed.

The Court of Appeals *held:*

The trial court properly ruled, as a matter of law, that being a city council member and a paid volunteer fire fighter with the city's fire department was violative of the provisions of the incompatible offices act.

Affirmed.

PUBLIC OFFICERS — INCOMPATIBILITY OF OFFICES — CITY COUNCIL MEMBER — FIRE FIGHTER.

It is a violation of the provisions of the incompatible offices act to hold the office of city council member and at the same time be a paid member of that city's volunteer fire department where the members of the volunteer fire department are subject to a collective bargaining agreement which must be approved by the city council (MCL 15.181[b]; MSA 15.1120[121][b]).

*John D. O'Hair,* Prosecuting Attorney, *Andrea L. Solak,* Chief, Special Operations, and *Charles E.*

REFERENCES

Am Jur 2d, Public Officers and Employees §§ 79, 319, 321.

See the Index to Annotations under Conflict of Interest; Public Officers and Employees; Volunteer Fire Department.

*Grant,* Assistant Prosecuting Attorney, for the plaintiff.

*Allen J. Counard, P.C.* (by *Charles A. Butler*), for defendant.

Before: MACKENZIE, P.J., and SAWYER and DOCTOROFF, JJ.

PER CURIAM. This is an action brought pursuant to § 4 of the incompatible offices act, MCL 15.181 *et seq.*; MSA 15.1120(121) *et seq.* Defendant James Kinney (hereinafter defendant) appeals as of right from an order finding that he holds two incompatible public offices and granting summary disposition in favor of plaintiff. We affirm.

Defendant serves both as a member of the City of Woodhaven City Council and as a paid volunteer fire fighter for the Woodhaven Fire Department. The collective bargaining agreement between the city and the Woodhaven Firefighters Association sets forth the terms and conditions of fire department employment, including wages, hours, management rights, and benefits. The agreement also provides:

> The City has the sole right to manage the Fire Department, including the right to maintain order and efficiency, and this right may be delegated in accordance with the provisions of the City Charter and the City Ordinances.
>
> The City has the sole right to hire, lay off, assign and transfer members, to appoint or promote members to positions within the Department; to suspend, demote, discharge or take other disciplinary action against employees for just cause.

The collective bargaining agreement was ratified by the city council before defendant was elected and is due to expire during defendant's term as

council member. Defendant has stated that, as a member of the city council, he would abstain from voting on future collective bargaining agreements brought before the council for ratification.

The incompatible offices act prohibits a public officer or public employee from holding two or more incompatible offices at the same time. MCL 15.182; MSA 15.1120(122). As used in the act, the term "public officer" includes persons elected to a city council. MCL 15.181(e)(iii); MSA 15.1120(121) (e)(iii). The term "public employee" includes employees of a city department. MCL 15.181(d); MSA 15.1120(121)(d). It is undisputed that defendant is a member of the city fire department and receives compensation for his fire fighting services. The question in this case, therefore, is whether defendant's two public positions are "incompatible."

Section 1 of the act, MCL 15.181(b); MSA 15.1120(121)(b), defines "incompatible offices" as: .

[P]ublic offices held by a public official which, when the official is performing the duties of any of the public offices held by the official, results in any of the following with respect to those offices held:

(i) The subordination of 1 public office to another.

(ii) The supervision of 1 public office by another.

(iii) A breach of duty of public office.

This definition applies to public offices held by both public officials and public employees. OAG, 1979-1980, No 5626, p 537 (January 16, 1980).

The only case decided thus far which has interpreted and applied the incompatible offices act is *Contesti v Attorney General,* 164 Mich App 271; 416 NW2d 410 (1987), lv den 430 Mich 893 (1988). In *Contesti,* the plaintiff filed suit for a declaratory judgment that his simultaneous occupation of the

offices of township trustee and superintendent of township schools did not violate the act. In his capacity as trustee, the plaintiff was called upon to vote on a tax collection contract between the township and the school district. *Id.* at 276. As superintendent, the plaintiff had supervised the person who negotiated this contract for the school and, as a result of this apparent conflict of interest, the plaintiff abstained from voting on the contract when it came before the township board. *Id.*

The *Contesti* Court concluded that the plaintiff's simultaneous occupation of the two offices violated the act. This Court relied upon the fact that "plaintiff stood on both sides of what was presumably an arms-length bargain. As a township trustee it was plaintiff's duty to vote to either approve or disapprove the contract. As school district superintendent, plaintiff was in a direct supervisory role of the district's negotiator." *Id.* at 280. The *Contesti* Court noted that the plaintiff's abstention from voting on the contract did not remove the plaintiff from the purview of the act by quoting with approval the language of OAG, 1979-1980, No 5626 at 545:

> [A] public official's abstention from the responsibilities of his or her office in order to avoid participating in his approval of both sides of an agreement between the two public entities which he or she serves is itself a breach of duty. Only vacation of one office will resolve the public official's dilemma. [164 Mich App 281.]

This case presents a similar situation. It is undisputed that the city council is vested with the final vote on whether to accept or reject any proposed contract between the city and the fire fighters regarding the conditions of employment.

Were defendant, in his role as council member, to vote on ratification of the fire fighters' 1990 collective bargaining agreement, he would be voting on a contract which directly affects the terms of his employment, including his wages, as a fire fighter. Defendant argues that, because the supervisory duties over the fire department have been delegated to the fire chief, there still exists an issue of fact as to the degree of control he will exert over the fire fighters in his duties as city council member. However, the degree of control is not a dispositive issue; the positioning of the two offices on opposite sides of a contractual relationship is the crucial factor. See *Contesti, supra.* Furthermore, under *Contesti,* if defendant abstains from voting on the contract, he still would be in violation of the act, since the incompatibility of his two offices can be said to have resulted in the breach of his official duties as a city council member. We therefore conclude that the undisputed facts constituted a sufficient basis for the trial court to rule, as a matter of law, that the occupation of the offices of Woodhaven council member and Woodhaven paid volunteer fire fighter violated the incompatible offices act.

Affirmed.