DETROIT AREA AGENCY ON AGING v OFFICE OF SERVICES TO
THE AGING

Docket No. 165148. Submitted October 4, 1994, at Lansing. Decided
May 19, 1995, at 9:40 A.M. Leave to appeal sought.

The Detroit Area Agency on Aging brought an action in the
Wayne Circuit Court against the Office of Services to the Aging,
the Commission on Services to the Aging, and several commis-
sion members, seeking relief in the form of superintending
control, mandamus, and declaratory and injunctive relief. The
plaintiff alleged that the commission's September 1992 ap-
proval of a new funding formula affecting the state's fourteen
local Area Agencies on Aging, including the plaintiff, was
unlawful and void because eight commissioners were ineligible
to vote because they held incompatible public offices and acted
under actual or potential conflicts of interest in violation of the
incompatible public offices act, MCL 15.181 et seq.; MSA
15.1120(121) et seq., and the state ethics act, MCL 15.341 et
seq.; MSA 4.1700(71) et seq. The court, Richard C. Kaufman, J.,
entered an order disqualifying six commissioners from partici-
pating on the commission, voiding the commission's September
1992 vote that approved the new funding formula, ordering the
Governor to appoint new members to the commission, and
ordering the contemplated reconstituted commission to recon-
sider the funding formula. The defendants appealed.

The Court of Appeals held:

1. Commissioners' Theodore Brietenbach and Michael Green
held incompatible positions when they voted, making their
votes voidable in the discretion of the trial court. The court did
not err in voiding their votes.

2. The trial court erred in disqualifying Brietenbach and
Green from the commission because each resigned from his

REFERENCES

Am Jur 2d, Actions §§ 61-63; Public Officers and Employees §§ 64-
86.
Incompatibility, under common-law doctrine, of office of state legis-
lator and position or post in local political subdivision. 89 ALR2d
632.

other incompatible position before the court issued its order, thereby effectively resolving the question of incompatibility.

3. Commissioners Donald Hoffman and Barbara Mantila did not hold incompatible positions. The court erred in disqualifying them from the commission.

4. The issue regarding the disqualification of Commissioner Jacqueline Jolly is moot because she resigned from the commission in December 1992.

5. Because only two votes properly were disqualified, and absent these votes the new formula would still have been approved, the trial court erred in declaring the entire vote void.

6. The plaintiff lacked standing to raise the issue of incompatibility in the trial court pursuant to MCL 15.184; MSA 15.1120(124).

7. Commissioner Liselotte Hoelzel-Seipp did have a conflict of interest in approving the new funding formula.

8. The plaintiff lacked standing to bring an action pursuant to the state ethics act, MCL 15.341 *et seq.*; MSA 4.1700(71) *et seq.*

Reversed.

1. PUBLIC OFFICERS — INCOMPATIBLE PUBLIC OFFICES — JUDICIAL RELIEF.

An action of a public official or public employee that is in violation of the incompatible public offices act is voidable at the discretion of the trial court; any judicial relief or remedy granted by the court operates prospectively only (MCL 15.185; MSA 15.1120[125]).

2. PUBLIC OFFICERS — INCOMPATIBLE PUBLIC OFFICES — CONFLICTS OF INTEREST.

Vacation of one office solves a public official's dilemma of holding two incompatible public offices; the same is not necessarily true in cases involving conflict of interest (MCL 15.181[b]; MSA 15.1120[121][b]).

3. PUBLIC OFFICERS — INCOMPATIBLE PUBLIC OFFICES — ACTIONS.

There is no private cause of action under the incompatible public offices act; an action alleging incompatibility may be brought under the act by the Attorney General or a prosecuting attorney (MCL 15.184, 15.185; MSA 15.1120[124], 15.1120[125]).

4. ACTIONS — STATUTES — REMEDIES.

Where a new right or a new duty is imposed by statute, the remedy provided by the statute for enforcement of the right or for nonperformance of the duty is exclusive unless the remedy is plainly inadequate.

*Craig, Ryan, Mast & King* (by *Kenneth Gordon King*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Stephen H. Garrard,* Assistant Attorney General, for the defendants.

Before: HOOD, P.J., and GRIBBS and D. A. SERVITTO,* JJ.

PER CURIAM. Defendants appeal as of right the trial court's order disqualifying six commissioners from participating on the Commission on Services to the Aging (the commission). The order also voided the commission's vote approving a new state funding formula affecting the fourteen local Area Agencies on Aging (AAAs). Finally, through its order, the trial court ordered the Governor to appoint new members to the commission within sixty days and further ordered the contemplated reconstituted commission to reconsider the funding formula within 120 days. We reverse.

Under the Older Americans Act, 42 USC 3001 *et seq.,* a state agency created to help the elderly is eligible to receive federal grants for funding programs to serve the elderly, provided that the agency develops a formula for distributing the funds received under the act. Consistent with the Older Americans Act, the commission and the Office of Services to the Aging (OSA) were created under the Older Michiganians Act, MCL 400.581 *et seq.;* MSA 2.638(51) *et seq.* The commission, which consists of fifteen commissioners appointed by the Governor, is the policy-making body for the OSA and the fourteen regional AAAs in Michigan. As the policy-making body under the Older Michiganians Act, the commission is responsible for

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

establishing a funding formula for the distribution (by the OSA) of federal and state funds to the fourteen Michigan AAAs. Plaintiff, the Detroit Area Agency on Aging, is one of the fourteen AAAS.

On September 18, 1992, the commission, by a vote of ten to five, approved a new state funding formula affecting the fourteen AAAS. Under the new formula, plaintiff's share of the funds are scheduled to decrease because of a decline in the elderly population in Detroit. In November 1992, plaintiff initiated this action for superintending control, mandamus, and declaratory and injunctive relief, alleging in relevant part that the commission's approval of the new funding formula was unlawful and void because eight commissioners were ineligible to vote because they held incompatible public offices and acted under actual or potential conflicts of interest in violation of the incompatible public offices act, MCL 15.181 *et seq.*; MSA 15.1120(121) *et seq.*, and the state ethics act, MCL 15.341 *et seq.*; MSA 4.1700(71) *et seq.* Among other things, plaintiff requested the trial court to void the commission's vote approving the new funding formula and to disqualify the commissioners at issue from further participation on the commission.

At a December 9, 1992, hearing, the trial court ruled that Commissioner Michael Green was disqualified from voting on the new funding formula because of a conflict of interest. Defendants did not object. The trial court postponed consideration of the incompatibility issue until a later date. Defendants subsequently moved for summary disposition pursuant to MCR 2.116(C)(4), (8), and (10). Defendants denied that Commissioners Roselia Neumann, Barbara Mantila, Donald Hoffman, Elwin Johnson, and Liselotte Hoelzel-Seipp held positions

that conflicted or were incompatible with their commission positions. Thus, defendants argued, a finding by the trial court that any one of these commissioners was eligible to vote on the new funding formula in September 1992 would result in a quorum approving the formula.

At the hearing pursuant to defendants' motion for summary disposition, the trial court determined that commissioners Mantila, Hoffman, Hoelzel-Seipp, and Jacqueline Jolly should be removed from the commission. Also included within the ambit of the trial court's order were Commissioners Theodore Brietenbach and Green, although no specific findings were made relative to these two commissioners. However, defendants acknowledged previously that the votes of Commissioners Brietenbach and Green were void or voidable because of the fact that they held incompatible offices when the new funding formula was adopted. Finally, as stated above, the trial court ordered the Governor to appoint new commission members within sixty days, and ordered the new commission to ratify or amend the new funding formula within 120 days. Having granted defendants' motions for a stay and immediate consideration, we now address the substance of the trial court's order.

Defendants first claim that the trial court erred in disqualifying the six commissioners from the commission on the basis of its conclusion that they held other incompatible positions. We agree.

The incompatible public offices act prohibits a public officer or public employee from holding two or more incompatible public offices at the same time. MCL 15.182; MSA 15.1120(122). *Wayne Co Prosecutor v Kinney,* 184 Mich App 681, 683; 458 NW2d 674 (1990); *Contesti v Attorney General,* 164 Mich App 271; 416 NW2d 410 (1987). Subsec-

tion b of § 1 of the act, MCL 15.181(b); MSA
15.1120(121)(b), defines "incompatible offices" as

> public offices held by a public official which, when
> the official is performing the duties of any of the
> public offices held by the official, result in any of
> the following with respect to those offices held:
>   (i) The subordination of 1 public office to an-
> other.
>   (ii) The supervision of 1 public office by another.
>   (iii) A breach of duty of public office.

This definition applies to public offices held by
both public officials and public employees. *Kinney,
supra.*

This Court need not address the issue whether
members of the commission are public officers,
because defendant commissioners have acknowl-
edged that they are indeed public officers. More-
over, defendant commissioners concede that, as
public officers, they are prohibited from simultane-
ously holding two or more incompatible public
offices. Because it is established that the commis-
sioners are public officers, we must determine
whether the trial court erred in concluding that
they held other incompatible public offices.

Under the Older Americans Act and the com-
panion Michigan statute, the commission is re-
quired to designate an AAA for each planning and
service area of the state. The commission is also
responsible for developing a formula for the distri-
bution of state and federal funds to these AAAs,
and may enter into contracts and agreements
necessary or incidental to the performance of its
duties. Suffice it to say, the foregoing clearly estab-
lishes that the fourteen AAAs are subordinate to,
and subject to the supervision of, the commission.

In the present case, Commissioners Brietenbach

and Green voted to approve the new funding formula in September 1992. At the time of the vote, Commissioner Brietenbach was a member of an AAA advisory board, whereas Commissioner Green was a member of an AAA administrative board. Defendants concede that Brietenbach and Green held incompatible positions when they voted to approve the new funding formula. Accordingly, defendants concede that the votes cast by Brietenbach and Green were voidable in the discretion of the trial court pursuant to MCL 15.185; MSA 15.1120(125). The trial court indeed exercised this discretion and voided the votes of Commissioners Green and Brietenbach. We find no error in the trial court's decision in this regard.

However, notwithstanding the fact that the trial court had the discretion to void the two votes in question, defendants claim that the trial court erred in disqualifying Commissioners Green and Brietenbach from the commission because they each resigned from their respective "other" incompatible positions before the trial court's ruling. We agree.

First, it is apparent from the record that the trial court treated as synonymous the issues of "incompatibility" and "conflict of interest." The trial court's failure to distinguish these two issues is significant. Vacation of one office will solve a public official's dilemma of two incompatible offices. *Kinney, supra* at 684; *Contesti, supra* at 281. This is not necessarily the case in "conflict of interest" situations. In the present case, Commissioners Green and Brietenbach each resigned from the acknowledged "other" incompatible position before the trial court's ruling. This being the case, the question of "incompatibility" effectively was resolved. *Kinney, supra; Contesti, supra.* Accordingly, the trial court's decision to remove Green

and Brietenbach from the commission was unwarranted because they had already renounced their "other" incompatible positions.

Next, regarding Commissioner Hoffman, a more difficult question exists regarding whether he, like Green and Brietenbach, held an incompatible office when the new funding formula was approved. At the time of the vote, Commissioner Hoffman was a member of an advisory board to the Portage Senior Center operated by the City of Portage, which received funds from the area AAA. However, the evidence also indicates that Commissioner Hoffman was not involved in that funding, that the Portage Senior Center was not controlled by and did not have a direct relationship with an AAA, the commission, or the OSA, and that the advisory board on which he served did not make recommendations regarding which organizations should receive funding or advise the area AAA in any way.

With respect to MCL 15.181(b)(i) and (ii); MSA 15.1120(121)(b)(i) and (ii), it is clear that Commissioner Hoffman did not hold an "incompatible position." The issue, therefore, is whether the duties of each office result in a breach of duty of public office pursuant to subsection b(iii). Under this subsection, an incompatibility of public offices would certainly exist if Commissioner Hoffman were involved in direct contractual negotiations with the commission on behalf of the Portage Senior Center or city commission relating to funds for the elderly. These circumstances are not supported by the evidence and, thus, we are of the opinion that the trial court erred in disqualifying Commissioner Hoffman from the commission.

The trial court also disqualified Commissioner Mantila from the commission. Again, the trial court erred in so doing. Suffice it to say, the

volunteer positions held by Commissioner Mantila were not "incompatible" with her position as a commissioner. As for Commissioner Jolly, the record reveals that she resigned from the commission in December 1992 for personal reasons. Her disqualification from the commission is therefore moot. *Detroit v Detroit Police Officers Ass'n,* 174 Mich App 388, 391-392; 435 NW2d 799 (1989). (Commissioner Hoelzel-Seipp's dismissal from the commission will be discussed later in this opinion under our "conflict of interest" analysis.)

Under the foregoing analysis it is clear that the votes of Commissioners Brietenbach and Green in favor of the new funding formula were the only votes that properly were disqualified by the trial court. Absent these votes, the new formula would have been approved by a vote of eight to five, instead of ten to five. The trial court declared the entire vote void. This action was inconsistent with the requirement of MCL 15.185; MSA 15.1120(125), namely, that any judicial relief under the incompatible public offices act shall operate prospectively only. Accordingly, the trial court erred in voiding the commission's vote approving the new funding formula.

Finally, but not least significant, plaintiff lacked standing to raise the issue of incompatibility in the trial court. MCL 15.184; MSA 15.1120(124) specifically provides that an action for incompatibility may be brought by the Attorney General or a prosecuting attorney and that there is no private cause of action under the incompatible public offices act. Where a new right or a new duty is imposed by statute, the remedy provided by the statute for enforcement of the right or for nonperformance of the duty is exclusive unless the remedy is plainly inadequate. *Forster v Delton School Dist,* 176 Mich App 582, 584; 440 NW2d 421 (1989).

Plaintiff was not precluded from communicating its concerns to the Attorney General's office or to the local prosecutor. These parties, being specifically designated by the Legislature to act in situations such as these, are sufficiently capable of forwarding plaintiff's grievance in the appropriate forum when the circumstances so dictate. Because plaintiff is not without an adequate remedy, we conclude that it lacked standing to raise the incompatibility issue in the trial court. *Id.*; MCL 15.184; MSA 15.1120(124).

Next, we conclude that Commissioner Hoelzel-Seipp had a conflict of interest in this case. Although the trial court found that the new funding formula was not a contract, the AAAs are authorized to enter into subcontracts for services to the elderly. MCL 400.589(2)(d); MSA 2.638(59)(2)(d). At the time of the commission's vote in September 1992, Commissioner Hoelzel-Seipp held a management and stock ownership position with Michigan Home Care, a company that provided nursing and basic home care to the elderly. Through her affidavit, Commissioner Hoelzel-Seipp acknowledged that the company received funding from the Grand Traverse County Commission on Aging, which in turn received grants from the area AAA. In light of Commissioner Hoelzel-Seipp's financial interest in AAA funds as a result of her involvement in Michigan Home Care, we conclude that her participation in approving the new funding formula created a conflict of interest under MCL 400.584(2); MSA 2.638(54)(2) and MCL 15.322(1); MSA 4.1700(52)(1).

Addressing defendants' third argument, we conclude that plaintiff had no standing to bring an action before the trial court pursuant to the state ethics act. As pointed out by defendants, the state ethics act is intended as a code of ethics for public

officers and employees, and not as a rule of law for
public contracts. See MCL 15.341 *et seq.*; MSA
4.1700(71) *et seq.*

Having reversed the trial court's order on other
grounds, we need not address defendants' remain-
ing issue that concerns the portion of the trial
court's order compelling the Governor to appoint
new commissioners.

Reversed.