MACOMB COUNTY PROSECUTOR v MURPHY

Docket No. 199406. Submitted September 1, 1998, at Grand Rapids. Decided January 12, 1999, at 9:00 A.M. Leave to appeal sought.

The Macomb County Prosecutor brought an action in the Macomb Circuit Court against Sherri Murphy, seeking a declaration that the defendant was in breach of duty of public office under the incompatible offices act, MCL 15.181 *et seq.*; MSA 15.1120(121) *et seq.*, for simultaneously being a member of the Harrison Township Board of Trustees and being the Delinquent Personal Property Tax Coordinator of the Macomb County Treasurer's Office. The court, George E. Montgomery, J., granted summary disposition for the plaintiff and ordered the defendant to vacate, at her option, one of her two positions. The defendant moved to disqualify the plaintiff and for an order dismissing the action *nunc pro tunc* to the date of filing, claiming conflict of interest by the plaintiff. The court denied the motion. The defendant appealed by leave granted.

The Court of Appeals *held*:

1. The incompatible offices act prohibits a public officer or public employee from holding two or more incompatible offices at the same time, MCL 15.182; MSA 15.1120(122), and defines "incompatible offices" to mean, among other things, public offices held by a public official that, when the official is performing the duties of any of the public offices held by the official, results in a breach of duty of public office, MCL 15.181(b)(iii); MSA 15.1120(121)(b)(iii). A breach of duty arises when a public official holding dual offices cannot protect, advance, or promote the interests of both offices simultaneously. A breach of duty creating an incompatibility results when a person holding dual public offices is placed at opposite sides of a contract. An incompatibility can also result out of a noncontractual matter, such as when one office has to pass upon a matter affecting the other. In this case, the trial court did not err in finding breach of duty of public office by the defendant in light of the possibility that Harrison Township, through its board of trustees and pursuant to MCL 211.56(3); MSA 7.100(3), could enter into an agreement with the Macomb County Treasurer to have the county treasurer collect the township's delinquent property taxes, with a collection or administration fee going to the county treasurer.

2. The trial court did not clearly err in determining that the plaintiff did not have a conflict of interest arising from his duty, under the general property tax act, MCL 211.100; MSA 7.154, to counsel and advise the county treasurer. That duty extends only to issues related to the general property tax act and, therefore, is not implicated in this case. The plaintiff did not violate MRPC 1.7, which prohibits a lawyer from representing one client if the representation will be directly adverse to another client, or if that representation may be materially limited by the lawyer's responsibilities to another client or third person, or by the lawyer's own interests. MRPC 1.13(a) provides that when a lawyer is employed or retained to represent an organization, the lawyer represents the organization as distinct from its directors, officers, employees, members, shareholders, or other constituents. The plaintiff's duty to give advice to the county treasurer does not prevent the plaintiff from pursuing an action against an employee of the county treasurer under the incompatible offices act.

Affirmed.

1. PUBLIC OFFICERS — INCOMPATIBILITY OF OFFICES — BREACH OF DUTY OF PUBLIC OFFICE.

A person holds incompatible public offices when performance of the duties of any of the public offices results in a breach of duty of public office; a breach of duty arises when a public official holding dual offices cannot protect, advance, or promote the interests of both offices simultaneously; a breach of duty creating an incompatibility results when a person holding dual public offices is placed at opposite sides of a contract; an incompatibility can also result out of a noncontractual matter, such as when one office has to pass upon a matter affecting the other (MCL 15.181[b][iii]; MSA 15.1120[121][b][iii]).

2. PUBLIC OFFICERS — INCOMPATIBILITY OF OFFICES — BREACH OF DUTY OF PUBLIC OFFICE — REMEDIES.

Abstaining from any official actions in an attempt to avoid an incompatibility of public offices does not remedy a breach of duty of public office; vacating one of the offices is the only solution (MCL 15.181[b][iii]; MSA 15.1120[121][b][iii]).

3. PUBLIC OFFICERS — INCOMPATIBILITY OF OFFICES — BREACH OF DUTY OF PUBLIC OFFICE.

The salient question in evaluating whether a public officer or public employee has breached a duty of public office for purposes of the incompatible offices act is whether there exists the possibility that the actions of the public officer or public employee in one office will be influenced by the other position held, not whether the pub-

lic officer or public employee will in fact be affected (MCL 15.181[b][iii]; MSA 15.1120[121][b][iii]).

4. Prosecuting Attorneys — Counsel and Advice to County Treasurers — General Property Tax Act.

  The duty imposed by the general property tax act on county prosecutors to counsel and advise county treasurers extends only to matters related to the general property tax act (MCL 211.100; MSA 7.154).

*Carl J. Marlinga*, Prosecuting Attorney, and *Eric J. Kaiser*, Assistant Prosecuting Attorney, for the plaintiff.

*Peter H. Mytnyk*, for the defendant.

Before: CAVANAGH, P.J., and MURPHY and WHITE, JJ.

PER CURIAM. In this case plaintiff Carl Marlinga, as Macomb County Prosecutor, brought this action pursuant to § 4 of the incompatible offices act, MCL 15.181 *et seq.*;  MSA 15.1120(121) *et seq.*  The trial court found that defendant Sherri Murphy holds two incompatible public offices and granted summary disposition in favor of plaintiff. The trial court denied defendant's subsequent motion to disqualify plaintiff. Defendant appeals by leave granted. We affirm.

Defendant is an elected trustee of Harrison Township. Defendant also holds the appointed position of "Delinquent Personal Property Tax Coordinator" in the Macomb County Treasurer's Office. Defendant's duties in this position include, among other things, the coordination and supervision of the collection of delinquent personal property taxes.

Pursuant to MCL 211.56(3); MSA 7.100(3), a local taxing authority, such as Harrison Township, and the county board of commissioners, with the concurrence of the county treasurer, may enter into an agreement

for the treasurer to collect the local governing body's delinquent property taxes.[1] If a local taxing authority and the county enter into such an agreement, the county is presumed to realize some monetary gain for its efforts.[2]

On March 14, 1994, at a regular meeting of the Board of Trustees of Harrison Township, the board considered and voted on a motion to have the township continue to collect its own delinquent personal property taxes, rather than requesting the Macomb County Treasurer to collect them. Defendant supported the motion. The motion carried, and it was resolved that the township would continue to collect its own delinquent personal property taxes.[3]

---

[1] MCL 211.56(3); MSA 7.100(3) provides in part:

Notwithstanding subsection (2) and upon agreement entered into by the governing body of the local property tax collecting unit and the county board of commissioners with the concurrence of the county treasurer, the county treasurer shall be responsible for the collection of the delinquent personal property taxes of the city or township.

[2] MCL 211.56(3); MSA 7.100(3) provides, in part:

The county treasurer shall add to the amount of the assessed tax any collection or administration fee, distraint and sale fee, interest, penalty, or charge provided by this act and shall also collect whatever costs, fees, or expenses allowed by a court in which action was taken. For each county that has agreed to collect delinquent personal property taxes pursuant to this subsection, a county delinquent personal property tax administrative fund is established and all fees, interest, penalties, costs, charges, or expenses the county treasurer collects pursuant to this subsection shall be deposited into this fund. . . . To the extent that money in this fund exceeds the cost of collecting delinquent personal property taxes, the county treasurer shall intermittently transfer the excess money to the general fund of the county.

[3] The minutes of the March 14, 1994, meeting of the Harrison Township Board of Trustees contain the following:

In September 1994, the subject of the collection of the township's delinquent personal property taxes was again raised. A Harrison Township trustee requested that additional information on the subject be compiled.[4]

That same month, the Harrison Township Board of Trustees sent plaintiff a letter expressing concern that, in view of defendant's position at the Macomb County Treasurer's Office, a conflict of interest existed regarding her vote on the proposal to have the county treasurer collect delinquent property taxes. The board requested plaintiff's opinion with regard to whether defendant's dual offices did in fact present a conflict of interest.

On December 27, 1994, plaintiff issued an opinion letter stating that defendant's dual offices "are not

---

After some discussion it was the recommendation from Board members to continue to collect delinquent personal property tax versus the collect [sic] by the County Treasurer.

Moved by Mr. Senstock, seconded by Mrs. Lyon, to continue to collect the delinquent personal property tax. MOTION CARRIED.

Defendant acknowledges that she supported this motion.

[4] The minutes of the September 6, 1994, board meeting contain the following:

Mrs. Switzer presented the actual and anticipated delinquent personal property [tax] collection as of September 1, 1994 for the past five years. Collection is usually in the 90% range with lower percentages when bankruptcy occurs.

This collection is a township Treasurer's responsibility and revenues are received.

The County has a provision where they [sic] can collect these delinquent personal property taxes, but in the process will keep the administration fees, interest and other penalties or charges.

Mr. Senstock voiced concerns that he felt this process was costly to the Township because of attorney fees charged to collect these delinquent property taxes. He requested John Shore provide the Board with additional information as to the amount of revenues enjoyed by the Township into the General Fund.

necessarily incompatible; but they will be deemed to be incompatible if the township trustee is presented with a situation in which he or she is required to vote on a proposal to have the county collect delinquent personal property taxes."[5]   Plaintiff concluded that under the circumstances, where the township trustees had already voted on the question whether Harrison Township would continue to collect its delinquent property taxes, and where the question was unresolved because the subject was raised after the vote and was being investigated, defendant's dual offices were incompatible. Because defendant refused to resign either of her positions, on May 3, 1995, plaintiff filed a declaratory judgment action in the Macomb Circuit Court alleging that defendant had breached a duty of public office in violation of the incompatible offices act and seeking to remove defendant from one of the public offices.

On October 23, 1995, plaintiff moved for summary disposition. Following a hearing, on January 11, 1996, the trial court entered an opinion and order granting plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(10). The trial court rejected defendant's claim that there is a question of fact regarding whether she ever voted for or against a motion to enter into negotiations or enter into an agreement for the collection of delinquent personal property taxes by the county as "merely semantic aphasia." The trial court also rejected defendant's claim that there is a question of fact regarding whether the scope or status

---

[5] Defendant does not assert that the vote was staged or that the issue was not a bona fide issue before the township board.

of her job for the county would change if the township voted to have the county collect its taxes for it, noting that pursuant to MCL 211.56(3); MSA 7.100(3), the county is presumed to realize some monetary gain as a result of assuming the right to collect late fees. The court concluded that defendant's offices of township trustee and county delinquent personal property tax coordinator were irreconcilable under the incompatible offices act and ordered defendant to vacate, at her option, one of her two positions within fifteen days of the date of the order. The trial court emphasized that its finding was based solely on the incompatibility of the two offices and not on any lack of integrity or good faith on the part of defendant. On February 29, 1996, the trial court denied defendant's motion for reconsideration.

On April 2, 1996, defendant filed a motion to disqualify plaintiff for an alleged conflict of interest. Defendant sought an order dismissing the action *nunc pro tunc* to the time of its filing. Defendant asserted that plaintiff acted in direct conflict with his mandatory statutory duty to give advice and counsel to the Macomb County Treasurer by filing this discretionary action against defendant.

After a hearing, the trial court issued an order dated May 1, 1996, denying defendant's motion. The court held that plaintiff's statutory obligation to provide advice to the Macomb County Treasurer did not constitute grounds for disqualification. Furthermore, even if plaintiff were disqualified, the appropriate remedy would be the appointment of a special prose-

cutor, not dismissal. This Court subsequently granted defendant's delayed application for leave to appeal.

I

On appeal, defendant argues that the trial court erred in finding that she breached a duty of public office. Defendant contends that a breach of duty may occur only where there is a contract or contractual negotiations between the two public bodies at issue. Because Harrison Township and the Macomb County Treasurer had neither negotiated for nor entered into a contract for the collection of delinquent taxes, defendant asserts that there was no breach of duty under § 1 of the incompatible offices act. MCL 15.181(b)(iii); MSA 15.1120(121)(b)(iii).

We review de novo a trial court's rulings with respect to questions of law in a declaratory judgment action. *Stajos v City of Lansing*, 221 Mich App 223, 226; 561 NW2d 116 (1997). The trial court's factual findings, however, will not be reversed unless they are clearly erroneous. *Auto-Owners Ins Co v Harvey*, 219 Mich App 466, 469; 556 NW2d 517 (1996).

The incompatible offices act prohibits a public officer or public employee from holding two or more incompatible public offices at the same time. Section 2 of the act provides in pertinent part:

> Except as provided in section 3, a public officer or public employee shall not hold 2 or more incompatible offices at the same time. [MCL 15.182; MSA 15.1120(122).]

The act defines "incompatible offices" as follows:

> "Incompatible offices" means public offices held by a public official which, when the official is performing the duties of any of the public offices held by the official,

results in any of the following with respect to those offices held:

(i) The subordination of 1 public office to another.

(ii) The supervision of 1 public office by another.

(iii) A breach of duty of public office. [MCL 15.181(b); MSA 15.1120(121)(b).]

Under the common law, public offices were incompatible when the nature of the positions created the potential for a breach of duty. Following the enactment of the incompatible offices act, an incompatibility now arises only when a breach of duty actually results from the performance of the duties of the public offices. *Contesti v Attorney General*, 164 Mich App 271, 280; 416 NW2d 410 (1987). Abstaining from any official actions in an attempt to avoid the incompatibility does not remedy a breach of duty; vacating one of the offices is the only solution to the problem. *Wayne Co Prosecutor v Kinney*, 184 Mich App 681, 684; 458 NW2d 674 (1990); *Contesti, supra* at 281; see also *Detroit Area Agency on Aging v Office of Services to the Aging*, 210 Mich App 708, 714; 534 NW2d 229 (1995).

In *Contesti, supra*, this Court found that the positions of township trustee and school district superintendent were incompatible where the board of trustees and the school district entered into contracts regarding the collection of property taxes, and where the two entities were in competition for limited tax dollars when making budgetary requests from the county tax allocation board. Similarly, in *Kinney, supra*, this Court agreed that the defendant held incompatible offices when he served both as a member of the city council and as a paid volunteer fire fighter for the city's fire department, inasmuch as the

city council was the ultimate employer of all paid volunteer fire fighters and was the negotiator of the governing collective bargaining agreement.

Defendant notes that in both *Contesti* and *Kinney* there was either a contract or contractual negotiations that placed the public official on opposite sides. Defendant therefore asserts that there is no breach of duty of public office until the official is at competing ends of either a contract or contractual negotiations.[6] We do not find defendant's argument persuasive. Neither *Contesti* nor *Kinney* purports to establish a minimum standard for a breach of duty of public office. Indeed, this Court has never defined what constitutes a breach of duty of public office under the incompatible offices act. However, contrary to defendant's argument, the *Contesti* Court concluded that a noncontractual matter—the fact that the plaintiff found himself in the position of aiding in two competing budgetary requests—resulted in a breach of duty. See *Contesti, supra* at 281-282.

The Attorney General has developed the following standard for determining when a breach of public duty exists:

> A breach of duty arises when a public official holding dual offices cannot protect, advance, or promote the interest of both offices simultaneously. A public office is a pub-

---

[6] In *Office of Services to the Aging, supra,* this Court stated, "[A]n incompatibility of public offices would certainly exist if [the defendant] were involved in direct contractual negotiations with the commission on behalf of the Portage Senior Center or city commission relating to funds for the elderly." *Id.* at 715. However, this Court's recognition that an incompatibility would exist where there were direct contractual negotiations does not establish that the incompatible offices act is violated only in such a situation.

lic trust, and the courts have imposed a fiduciary standard upon public officials that requires disinterested conduct. . . .

It is well established that a breach of duty creating an incompatibility results when a person holding dual public offices is placed at opposite sides of a contract. An incompatibility can also result out of a non-contractual matter, such as when one office has to pass upon a matter affecting the other office. [OAG, 1997, No 6931, p 124 (February 3, 1997) (citations omitted).]

An opinion of the Attorney General, while not precedentially binding, can be persuasive authority. *Indenbaum v Michigan Bd of Medicine (After Remand)*, 213 Mich App 263, 274; 539 NW2d 574 (1995). In this instance, we agree with the Attorney General's analysis and adopt it as our own. The purpose of the incompatible offices act is to preclude any suggestion that a public official is acting out of self-interest or for hidden motives because of a conflict between his two offices. This purpose is served by finding a breach of duty when an issue arises in which one constituency's interests may conflict with the interests of a separate constituency represented by the official. By preventing such situations, the public is assured that its officials do not suffer from divided loyalties.

Defendant contends that the extent of any conflict between her two positions is minimal because the statute governing a contract between a local unit of government and the county treasurer leaves no room for the parties to negotiate. However, the degree of control defendant would exert over such an agreement is not dispositive; the positioning of the two offices on the opposite sides of an issue is the crucial factor. See *Kinney, supra* at 685.

Defendant also argues that issues of fact remain regarding the effect of a tax-collection agreement between Harrison Township and Macomb County on her position as personal property tax coordinator. Defendant asserts that her duties are ministerial and would be unaffected by such an agreement. However, a noncontractual matter can result in a breach of duty, creating an incompatibility, if a person's interest in or duty to one office could affect her action on behalf of the other office. OAG, 1998, No 6967, p 45 (January 27, 1998); OAG, 1995-1996, No 6903, p 172 (May 28, 1996). In evaluating whether a breach of duty exists under the incompatible offices act, the salient question is not whether the public official will in fact be affected, but whether there exists the possibility that her actions in one office will be influenced by the other position that she holds.[7] To require a definitive showing that the public official's actions in one office have been or will be swayed, to some discernible extent, by considerations of her other office would result in a lengthy inquiry in which the results would inevitably turn on speculation and conjecture, because few public officials would be likely to admit that they were compromising their representation of one constituency to promote the interests of another.

Finally, defendant argues that the trial court engaged in impermissible fact finding when it concluded that she had voted on a proposal to have the Macomb County Treasurer's Office collect Harrison Township's delinquent property taxes. Defendant points to the affidavit that she submitted, in which

---

[7] In this regard, we note that MCL 211.56(3); MSA 7.100(3) presupposes that Macomb County will reap a pecuniary benefit from the collection of delinquent property taxes for a city or township.

she averred, "As a trustee in Harrison Township, I have never voted for or against a pending motion before the Board of Trustees to enter into negotiations or into an agreement for the collection of delinquent personal property taxes by the Macomb County Treasurer." We conclude that the trial court correctly dismissed this argument as an exercise in semantics. The minutes of the March 14, 1994, meeting of the Harrison Township Board of Trustees clearly state that the trustees discussed continuing to have the township, rather than the county, collect the taxes.[8] Defendant acknowledges that she voted in favor of the motion. By voting to continue the township's collection of the taxes, defendant implicitly voted not to enter into an agreement with Macomb County for the collection of the taxes. The trial court's factual findings are not clearly erroneous. See *Auto-Owners Ins Co, supra.*

We note that even if defendant had abstained from voting on the issue, she would still be in violation of the act. This Court has held that a public official's abstention from the responsibilities of her office in order to avoid a conflict in her two public offices is itself a breach of duty. Only vacation of one office will resolve the public official's dilemma. See *Kinney, supra* at 684; *Contesti, supra* at 281.

II

Defendant also contends that the trial court erred in refusing to disqualify plaintiff from prosecuting this case because of a conflict of interest. The determination of the existence of a conflict of interest sufficient

---

[8] See n 3, *supra.*

to warrant disqualification of the prosecuting attorney is a question of fact to be reviewed for clear error. *People v Doyle*, 159 Mich App 632, 641-642; 406 NW2d 893 (1987).

Defendant contends that plaintiff acted in direct conflict with his mandatory duty under the general property tax act to provide advice and counsel to the Macomb County Treasurer when he filed this discretionary action against defendant, the treasurer's employee. The general tax act provides:

> It shall be the duty of the prosecuting attorney of each county to give his counsel and advice to the county treasurer, the township treasurers, and the supervisors of the county whenever they or any of them may deem it necessary for the proper discharge of the duties imposed upon them in this act free of charge. [MCL 211.100; MSA 7.154.]

Defendant asserts that a conflict of interest arose when the prosecutor took a position adverse to the treasurer. Defendant further argues that plaintiff should have been removed from the case, and the trial court's refusal to grant defendant's motion to disqualify plaintiff constituted error requiring reversal.

After reviewing the relevant statutes, we fail to see how the prosecutor's statutory duty to advise the county treasurer regarding issues relating to the general tax act conflicts with the prosecutor's statutory obligation to prosecute public officials for violating the incompatible offices act. MCL 211.100; MSA 7.154 only requires the prosecutor to give advice and counsel to the county treasurer "whenever they or any of them may deem it necessary for the proper discharge of the duties imposed upon them by this act." Defendant does not explain how plaintiff's duty to give

advice and counsel to the county treasurer is in any way compromised by bringing the instant action.

Defendant contends that plaintiff's action violated the Michigan Rules of Professional Conduct. Specifically, defendant relies on MRPC 1.7, which prohibits a lawyer from representing one client if the representation will be directly adverse to another client, or if that representation may be materially limited by the lawyer's responsibilities to another client or third person, or by the lawyer's own interests. However, MRPC 1.13(a) states that when a lawyer is employed or retained to represent an organization, the lawyer represents the organization "as distinct from its directors, officers, employees, members, shareholders, or other constituents."[9] Thus, plaintiff's duty to give advice to the treasurer does not prevent it from pursuing an action against an employee of the county treasurer under the incompatible offices act.[10] Indeed, if we accepted defendant's argument, it is questionable whether the prosecutor could prosecute

---

[9] Defendant contends that the Macomb County Treasurer contested the prosecution of defendant under the incompatible offices act. Defendant implies from this argument that the underlying prosecution is inconsistent with the interests of the Macomb County Treasurer's Office. However, a closer analysis does not reveal that the Macomb County Treasurer disputed the underlying prosecution. Ted Wahby, the Macomb County Treasurer, merely stated in an affidavit that he did not think defendant had breached a duty of her position at the Macomb County Treasurer's Office. That Wahby's opinion regarding the merits of the lawsuit may have differed from plaintiff's does not establish that the Macomb County Treasurer contested the pursuit of the lawsuit.

[10] In similar circumstances, the State Bar's Standing Committee on Professional and Judicial Ethics concluded that a prosecuting attorney is not ethically barred from enforcing the incompatible offices act against county commissioners, regardless of the fact that the prosecuting attorney served as general corporation counsel for the county. See State Bar of Michigan Ethics Opinion RI-112 (December 31, 1991).

an employee of the treasurer's office for embezzlement, should the situation present itself.

Finally, as the trial court noted, defendant offers no authority for the proposition that if plaintiff is disqualified the action must be dismissed, rather than appointing a special prosecutor or other competent official to prosecute the action on plaintiff's behalf, such as a representative of the Attorney General.

Affirmed.