Wilder, J.
David G. Gorcyca, as Oakland County Prosecutor, filed this action against defendant Jean A. Scott pursuant to § 4 of the incompatible public offices act (ipoa), MCL 15.181 et seq.-, MSA 15.1120(121) et seq. The trial court granted plaintiff’s motion for summary disposition under MCR 2.116(C)(10), finding that defendant holds incompatible positions as defined by the act. Defendant appeals as of right. We affirm.
Defendant is an elected trustee of Waterford Township, having been first elected in 1984 and being reelected in 1988, 1992, and 1996, and thus is a public officer under MCL 15.181(e)(ii); MSA 15.1120(121)(e)(ii). In January 1994, defendant was hired by the 51st District Court to the position of Deputy Clerk I. The 51st District Court is a district court of the third class consisting of Waterford Township, MCL 600.8123(9); MSA 27A.8123(9), and thus defendant is a public employee by virtue of her *421 employment at the district court. MCL 15.181(d); MSA 15.1120(121)(d). Furthermore, pursuant to MCL 600.8103(3); MSA 27A.8103(3), Waterford Township and its elected trustees are responsible for maintaining, financing, and operating the 51st District Court.
Plaintiff alleged in his complaint that on October 24, 1994, the Waterford Township Board of Trustees voted on the proposed 1995 township budget, excluding that portion of the budget providing funding for the 51st District Court. Four members, including defendant, voted to adopt the proposed budget as presented. The balance of the proposed 1995 township budget concerning the district court budget was voted on separately with defendant abstaining.
Plaintiff also alleged that on September 9, 1996, the proposed 1997 Waterford Township budget was considered during a public meeting of the township board of trustees. Following discussion, the board unanimously adopted the 1997 budget as presented, with the exception of that portion of the budget concerning appropriation to the 51st District Court. With respect to the budget for the 51st District Court, a separate motion to adopt this budget was made. The township clerk then moved to permit defendant to abstain from voting on the adoption of the court budget. This motion carried 5-2, and defendant then abstained from the vote on the district court budget.
On November 18, 1997, plaintiff moved for summary disposition contending that defendant’s positions as township trustee and district court employee resulted in a breach of duty by defendant with respect to matters considered by the Waterford Township Board of Trustees after January 1, 1994. The trial court, after oral argument was waived, issued a writ *422 ten opinion on March 4, 1998, which found defendant’s two positions to be incompatible. The trial court held that if defendant votes as a trustee on matters related to the court, she exercises supervisory authority over the office at which she is also employed and that by abstaining to vote on court matters defendant would fail to fulfill her public duty as trustee. Defendant moved for reconsideration of the trial court’s ruling and, after hearing argument on this motion, the trial court denied the motion. The instant appeal ensued.
On appeal, defendant raises several claims of error. First, defendant argues that the trial court erred in finding that as township trustee she exercises supervisory control over the district court and that for this reason the two positions are incompatible. Defendant contends that because plaintiff did not raise the question of supervisory control in his motion for summary disposition, the trial court violated her due process rights by considering this particular issue on summary disposition. Defendant further contends that because there are issues of fact concerning the level of supervision, if any, exercised by the board of trustees over court employees, the trial court erred in granting summary disposition on these grounds. Alternatively, defendant argues that as a matter of law township trustees have no supervisory control over court employees and therefore, that the trial court erred in finding the two positions incompatible on these grounds.
We review de novo a trial court’s ruling on a motion for summary disposition under MCR 2.116(C)(10). Spiek v Dep’t of Transportation, 456 Mich 331, 337; 572 NW2d 201 (1998). Claims of constitutional error *423 by a trial court are questions of law and are also reviewed de novo on appeal. Yaldo v North Pointe Ins Co, 217 Mich App 617, 623; 552 NW2d 657 (1996), aff’d 457 Mich 341; 578 NW2d 274 (1998). The trial court’s factual findings, however, will not be reversed unless they are clearly erroneous. MCR 2.613(C); Ridley v Detroit, 231 Mich App 381, 388; 590 NW2d 69 (1998).
The ipoa provides in pertinent part:
Except as provided in section 3, a public officer or public employee shall not hold 2 or more incompatible offices at the same time. [MCL 15.182; MSA 15.1120(122).]
The ipoa defines “incompatible offices” as follows:
“Incompatible offices” means public offices held by a public official which, when the official is performing the duties of any public offices held by the official, results in any of the following with respect to those offices held:
(iii) A breach of duty of public office. [MCL 15.181(b); MSA 15.1120(121)(b).]
The purpose of the ipoa is to preclude any suggestion that a public official is acting out of self-interest or for hidden motives because of a conflict between the two offices of the public official. Macomb Co Prosecutor v Murphy, 233 Mich App 372, 382; 592 NW2d 745 (1999). This purpose is served by finding a breach of duty when an issue arises in which the interests of one constituency may conflict with the interests of a separate constituency represented by the official. Id. In evaluating whether a breach of duty exists under the IPOA, the salient question is not whether the public official will in fact be affected, but whether there *424 exists the possibility that actions in one office will be influenced by the other position held by the public official. Id. at 383.
Here, the parties agreed and the trial court found that defendant abstained from voting on the district court budget on two occasions. We find these abstentions constitute a breach of duty under the ipoa. Macomb Prosecutor, supra at 383. Whether defendant would have actually been affected had she voted on the district court budget is not a salient question creating an issue of fact, as defendant contends. Rather, the fact that defendant is in a position as township trustee to affect her salary and benefits by the level of appropriation provided by the board of trustees to the court creates the possibility, however slight, that defendant’s vote could be improperly influenced. Id.
Defendant asserts that because subsection 6 of § 7 of the Charter Township Act, MCL 42.7(6); MSA 5.46(7)(6), permits her to abstain from voting on a matter with the unanimous consent of the remaining board members, no incompatibility exists in this case. We disagree. It is well settled that abstaining from any official action in an attempt to avoid an incompatibility does not remedy a breach of duty and that vacating one of the offices is the only solution to the problem. See Macomb Prosecutor, supra at 380; Wayne Co Prosecutor v Kinney, 184 Mich App 681, 684; 458 NW2d 674 (1990); Contesti v Attorney General, 164 Mich App 271, 280; 416 NW2d 410 (1987). We leave for another court the question whether an incompatibility under subsections i and ii[1] can be *425 avoided under the provisions of MCL 42.7(6); MSA 5.46(7)(6).
In light of our decision that defendant’s positions as township trustee and district court employee resulted in a breach of duty, and therefore constituted incompatible offices under the ipoa, we need not address defendant’s remaining claims on appeal.
Affirmed.

 MCL 15.181(b)® and (ii); MSA 15.1120(121)(b)(i) and (ii) provide:
*425 “Incompatible offices” means public offices held by a public official which, when the official is performing the duties of any of the public offices held by the official, results in any of the following with respect to those offices held:
(i) The subordination of 1 public office to another.
(ii) The supervision of 1 public office by another.