GENESIS CENTER, PLC v BLUE CROSS AND BLUE SHIELD
OF MICHIGAN

Docket No. 214867. Submitted October 18, 2000, at Detroit. Decided
December 15, 2000, at 9:30 A.M.

    Outpatient surgical center Genesis Center, P.L.C., and its physician-owners brought an action in the Wayne Circuit Court against Blue Cross and Blue Shield of Michigan, seeking a declaration that the defendant, a nonprofit health care corporation incorporated pursuant to the Nonprofit Health Care Corporation Reform Act, MCL 550.1101 *et seq.*; MSA 24.660(101) *et seq.*, violated the act when it denied the plaintiffs' application for participation in the defendant's surgical facility program, thereby precluding payment under the defendant's policies for Genesis' facility charges for outpatient surgeries. On cross-motions for summary disposition, the court, Isidore B. Torres, J., granted summary disposition for the defendant, ruling that the plaintiffs lack standing to bring a private cause of action against the defendant for enforcement of the act. The plaintiffs appealed.

    The Court of Appeals *held*:

    Only the Attorney General and the Commissioner of Insurance are entitled to enforce the act directly against a health care corporation. MCL 550.1619(2), (3); MSA 24.660(619)(2), (3). If a health care provider claims that a health care corporation has violated the act, the recourse provided in the statute is to commence an action in the Ingham Circuit Court to compel the Commissioner of Insurance to enforce the act. Additionally, a health care provider can petition the Attorney General to commence an action to enjoin violations of the act. The act contains no provision for a private right of action such as that brought by the plaintiffs in this case.

    Affirmed.

HEALTH — NONPROFIT HEALTH CARE CORPORATION REFORM ACT — ENFORCEMENT ACTIONS.

    Only the Attorney General and the Commissioner of Insurance are authorized by the Nonprofit Health Care Corporation Reform Act to bring an action against a nonprofit health care corporation for enforcement of the act; a health care provider has no private right

of action against a nonprofit health care corporation for enforcement of the act (MCL 550.1619[2], [3]; MSA 24.660[619][2], [3]).

*Linda S. Fausey,* for the plaintiffs.

*Joseph W. Murray,* for the defendant.

Before: BANDSTRA, C.J., and SAAD and METER, JJ.

PER CURIAM. Plaintiffs appeal as of right from a circuit court order denying their motion for partial summary disposition and granting defendant Blue Cross and Blue Shield of Michigan's (BSBSM) motion for summary disposition pursuant to MCR 2.116(C)(8) and (I)(2). We affirm.

### I. FACTS AND PROCEDURE

Plaintiff Genesis Center, P.L.C. (Genesis), is a freestanding outpatient surgical center in Lansing whose physician-owners (the individual plaintiffs) perform nonemergency surgeries, which are billed in two separate components: a surgeon's fee and a facility charge. Although the physicians' services are payable under BCBSM policies, Genesis' facility charges are not covered because Genesis is not a participating provider facility. As a result, Genesis applied to BCBSM to participate in its surgical facility program. BCBSM denied Genesis' application, finding that Genesis did not show "evidence of necessity" (EON) because "there remains an excess of operating room capacity in Ingham County." Plaintiffs then filed a complaint and a request for declaratory judgment, alleging that BCBSM's action violated its enabling statute, the Nonprofit Health Care Corporation Reform Act, MCL 550.1101 *et seq.*; MSA 24.660(101) *et seq.* After plaintiffs filed a motion for partial summary disposition

pursuant to MCR 2.116(C)(10), defendant moved for entry of summary disposition pursuant to MCR 2.116(C)(8) and (I)(2), arguing, inter alia, that (1) the Nonprofit Health Care Corporation Reform Act does not provide for a private cause of action against a nonprofit health care corporation by a health care provider; (2) the EON requirement does not conflict with the Public Health Code; (3) the act expressly authorized BCBSM to establish standards such as EON for provider participation, and (4) such authorization does not constitute an illegal delegation of governmental authority.[1] The trial court denied plaintiffs' motion for partial summary disposition and granted defendant's motion for summary disposition. The court ruled as a matter of law that plaintiffs did not have standing because they had no private right of action against BCBSM.

## II. ANALYSIS

We conclude that the trial court did not err in holding that plaintiffs could not sue BCBSM for an alleged violation of the Nonprofit Health Care Corporation Reform Act, MCL 550.1101 *et seq.*; MSA 24.660(101) *et seq.* Under *BPS Clinical Laboratories v Blue Cross & Blue Shield of Michigan (On Remand)*, 217 Mich App 687, 698; 552 NW2d 919 (1996), *Detroit Area Agency on Aging v Office of Services to the Aging,*

---

[1] Defendant also notes that plaintiffs' complaint is virtually identical to a complaint filed in *Blakewoods Surgery Center v BCBSM*, unpublished opinion per curiam of the Court of Appeals, issued July 14, 2000 (Docket No. 213666). There, our Court held that there is no private right of action under the act against BCBSM and that BCBSM's use of the EON criteria was authorized by statute, was constitutional, and does not conflict with the Public Health Code.

210 Mich App 708, 716-717; 534 NW2d 229 (1995), and MCL 550.1402(11); MSA 24.660(402)(11), plaintiffs did not have standing to bring a cause of action directly against BCBSM to enforce the act. We agree with, and adopt as our own, the following analysis of this identical issue, set forth in this Court's recent decision in *Blakewoods Surgery Center v BCBSM,* unpublished opinion per curiam of the Court of Appeals, issued July 14, 2000 (Docket No. 213666):

> In *BPS Clinical Laboratories v Blue Cross & Blue Shield of Michigan (On Remand),* 217 Mich App 687, 698; 552 NW2d 919 (1996), this Court, citing MCL 550.1619(2) and (3); MSA 24.660(619)(2) and (3), held that "[o]nly the Attorney General and the Insurance Commissioner are entitled to enforce the [NHCCRA] directly against a health care corporation." The panel further ruled that "[t]he only private right of action directly against a health care corporation authorized by the [NHCCRA] is an action by a subscriber against a health care corporation for damages." *Id.,* citing MCL 550.1402(11); MSA 24.660(402)(11). If a health care provider claims that a health care corporation has violated the act, the recourse provided in the statute is to "commence an action in the Ingham Circuit Court to compel the Insurance Commissioner to enforce the act." *Id.* Additionally, a health care provider can petition the attorney general to commence an action to enjoin violations of the act. See MCL 550.1619(1) and (2); MSA 24.660(619)(1) and (2). The act contains no provision, however, for a private right of action such as that brought in the instant case.
>
> Moreover, the NHCCRA created new rights and duties that did not exist at common law. In such situations, this Court has held:
>
> "Where a new right or a new duty is imposed by statute, the remedy provided by the statute for enforcement of the right or for nonperformance of the duty is exclusive unless the remedy is plainly inadequate. Plaintiff was not precluded from communicating its concerns to the Attorney General's office or to the local prosecutor. These parties,

being specifically designated by the Legislature to act in situations such as these, are sufficiently capable of forwarding plaintiff's grievance in the appropriate forum when the circumstances so dictate. Because plaintiff is not without an adequate remedy, we conclude that it lacked standing to raise the . . . issue in the trial court." [*Blakewoods, supra,* slip op at 2, quoting *Detroit Area Agency on Aging, supra* at 716-717 (citations omitted).]

Although *Blakewoods* is an unpublished opinion and, therefore, not precedentially binding, MCR 7.215(C), because we find its analysis persuasive and dispositive of this matter, we adopt its holding and rationale.

Accordingly, the trial court did not err in dismissing plaintiffs' claims on the basis that they did not have standing to bring a cause of action directly against defendant.[2]

Affirmed.

---

[2] Having disposed of this matter on the standing issue, we need not address the other issues raised by the parties.